## GREENBLATT v. ZIMMERMAN.

(Supreme Court, Appellate Division, First Department. May 14, 1909.)

1. INJUNCTION (§ 62*)—RESTRAINING INTERFERENCE WITH RIGHTS OF LESSEE.
    The lessee, having the right to the use of a portion of a basement for storage of coal for use on the premises, is entitled to enjoin the lessor from an unwarrantable interference with the exercise of such right.
    [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 62.*]

2. LANDLORD AND TENANT (§ 41*)—CONSTRUCTION OF LEASE.
    The practical construction that the parties placed on a lease during nearly four years of the term is of great weight in determining whether the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tenant was entitled to space in the basement of the building for storage of coal for his own use.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 105; Dec. Dig. § 41.*]

3. LANDLORD AND TENANT (§ 124*) — CONSTRUCTION OF LEASE — "APPURTE-NANCE."

The term "appurtenance" in a lease includes everything which is necessary to the beneficial use of the property leased, and, where the business of a tenant requires the consumption of a considerable amount of coal, it is essential to the enjoyment of the lease that the tenant should have a suitable place for storing coal.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 437; Dec. Dig. § 124.*

For other definitions, see Words and Phrases, vol. 1, pp. 477–487; vol. 8, p. 7580.]

4. APPEAL AND ERROR (§ 1178*)—DETERMINATION OF CAUSE—DIRECTIONS FOR REVERSAL.

Where plaintiff was entitled to an injunction against interference with his rights under his lease at the time of the trial, but at the time of the review the lease had expired, the relief on reversal is a remand to the jury calendar for assessment of plaintiff's damage if a jury be demanded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4615; Dec. Dig. § 1178.*]

Appeal from Special Term, New York County.

Action by Harry Greenblatt against Annie Zimmerman. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Hillquit & Hillquit, for appellant.
Samuel Hoffman, for respondent.

LAUGHLIN, J. On the 9th day of July, 1903, the defendant either owned or was in possession—the record does not disclose which —of premises No. 96 Sheriff street, borough of Manhattan, New York, upon which then stood a tenement house consisting of a basement or a cellar, store on the ground floor, and four stories above, with four apartments on each floor. Each tenant heated his own apartment, and the cellar was so subdivided that each tenant had a separate bin for coal. The entire cellar was used for the storage of coal for the tenants of the building, with the exception of about one-quarter of the space, which was rented to one Liebling, who used the same, having an entrance from the street, in conducting his business as a dealer in coal and wood. On that day the husband of the defendant executed a lease in writing to the plaintiff, which, with respect to the part of the premises leased and the purpose and term for which the same were leased, recites as follows:

"The store, together with the extension in the yard in premises No. 96 Sheriff street, borough of Manhattan, city of New York, to be occupied and used as a restaurant, with the appurtenances, for the term of four years ten and a half months, from the fifteenth day of July, 1903."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff took possession under the lease, which was duly ratified in writing, by the defendant on the 30th day of December, 1903. At the time the lease was executed and the plaintiff took possession thereunder, either the defendant or her husband was conducting a restaurant in the store part of the building, which was sold and delivered to the plaintiff at the time that the lease was executed. The object of plaintiff in obtaining the lease was to continue that business. The defendant or her husband used a particular part or bin in the cellar for coal in conducting the restaurant business in which large quantities of coal were necessarily consumed, and there was on hand at the time the lease was made about one ton of coal which the plaintiff purchased. The plaintiff, after engaging in the restaurant business on the premises, continued to use this part of the cellar in which the coal which he purchased of defendant or her husband was, and which has been used by the defendant for the storage of coal to conduct the restaurant business, until the 6th day of March, 1907, when he was excluded therefrom by a marshal acting under a dispossess warrant issued out of the Municipal Court, Fifth District, on application made by the defendant, which, however, was subsequently vacated and the dispossess proceeding discontinued. The defendant, however, having determined to alter the cellar into a poolroom, persisted in holding possession, and through her agents and servants tore down the partitions forming the various bins, and removed the same, together with the coal which the plaintiff then had stored in the cellar.

This action is brought, among other things, to enjoin the defendant from converting the cellar into a poolroom during the term of the lease, and from interfering with the plaintiff in the enjoyment of his rights secured by the lease, including the right to use the cellar for the storage of coal which he claims to be a necessary appurtenant to the lease. There are other allegations with respect to work in the front and rear of the premises, upon which the plaintiff claims equitable relief, but in these respects we think the action could not be maintained. We are of opinion, however, that the right to occupy the cellar to the extent necessary to store coal necessary to be used in conducting the restaurant business was appurtenant to the lease of the store, and, the lease not having expired at the time the action was tried, the plaintiff was then entitled to injunctive relief restraining his landlord from an unwarrantable interference with him in the exercise of his contractual rights. The extension in the yard to which reference is made in the lease was a separate one-story building, 14 by 20 feet, which evidently had been constructed for, and was used only for, the storage of vegetables and provisions in connection with the restaurant. There is no merit in the claim that the plaintiff might have used this building for the storage of coal. It appears that it was never used for that purpose, and that it would have been inconvenient and expensive to have carried the coal to it. Moreover, it appears that the defendant, by excavations made in the yard, had undermined this extension, so called, so that one wall had fallen in. The practical construction of the parties placed on this lease during nearly four years of the term is entitled to great weight, and we are of opinion that the

fair construction of the lease, in view of the practical construction placed upon it by the parties, is that the tenant was to be entitled to use the cellar for the storage of coal for use in the restaurant.

The term "appurtenances" in a lease includes everything "which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted." Stevens v. Taylor, 111 App. Div. 561, 97 N. Y. Supp. 925. It was essential to the enjoyment of the lease that the tenant should have a suitable and convenient place for storing coal. It appears that the business required the consumption of about two tons of coal each month. It would be absolutely unreasonable to expect the tenant to store the coal in the restaurant or in the yard or to buy it daily by the sack at a much higher rate than by the ton. It was evidently contemplated that he should store it where it had been stored, and he was entitled to an injunction to prevent his landlord from interfering with and trespassing upon his rights. The term having now expired, no injunctive relief can be awarded, and doubtless the cause must be sent to the jury calendar to assess plaintiff's damages if the defendant should demand a jury trial. McNulty v. Mt. Morris Elec. L. Co., 172 N. Y. 410, 65 N. E. 196.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.