Matthew M. Levy, J.
This is a motion by the defendant to dismiss the complaint, under subdivision 4 of rule 106 of the *964 Buies of Civil Practice, on the ground that it does not state facts sufficient, to constitute a cause of action. The substance of the complaint follows:
The defendant is the owner of a building which was converted into a co-operative apartment house pursuant to an offering statement and plan of co-operative ownership (hereinafter sometimes called prospectus). The plaintiff is a tenant stockholder of the defendant and a lessee of an apartment under a proprietary lease with the defendant. The plaintiff acquired her interests in the shares and in the premises upon the basis of (1) the following representations contained in the prospectus: “ The building also includes * * * several small rooms on the ground floor * * * presently used for storage * * *. No shares of stock are being allocated * * * to * * * the storage areas * * *. All such areas will be rented by the Cooperative Corporation or utilized in such manner as may be deemed appropriate by the Board of Directors to be elected by the tenants ”, and (2) of the proprietary lease provisions as follows: ‘1 To have and to hold the apartment, with the appurtenances, unto the Lessee and the executors, administrators, legal representatives and authorized assigns of the Lessee, upon the terms and conditions herein set forth, from the 1st day of September, 1961 ”, for a stated term at a specified shared rental.
Nothing further is set forth in the complaint as originating in either the prospectus or the lease. Belying solely upon the basis of the quoted clauses, the plaintiff claims that she is entitled to the use of storage space, and she has brought this action for specific performance to compel the defendant ‘ ‘ to provide and set aside for the plaintiff suitable, and her proportionate share of the storage space in the aforementioned premises
The complaint is, in my view, insufficient. The portions of the prospectus and the lease which are set forth in the complaint afford no basis whatever for any claim of right in the plaintiff to demand of the defendant that it allocate to the plaintiff any reserved spáce for the plaintiff's use for storage or otherwise.
In support of the complaint, the plaintiff urges that a question of fact as to the representations made and as to the interpretation of the language used is presented for the trial tribunal to decide. The argument is wholly nnpersuasive. The prospectus quotation is incapable of such interpretation as would give rise to the claimed representatipn or the claimed right of use, and the same is true with respect to the quoted portion of the proprietary lease. And it is the intention as expressed in the proprietary lease and the prospectus which controls.
*965 True, it has been written that: 44 The original plan of organization, the certificate of incorporation, the prospectus under which stock is offered, the stock subscription agreement, the payments made thereunder, and. the proprietary lease must all be read together to determine the relationship between a corporate owner and a proprietary lessee.” (11 N. Y. Jur., Co-operatives, § 81, p. 65 [I960].) But the documents are not further evidenced in this complaint by quotation or otherwise, and the plaintiff does not contend that the representations upon which she relied were made other than through the prospectus, which, as alleged, was 44 fortified by the terms and wording of her lease which refers to the apartment and appurtenances.” In the language of Simpson, Handbook of the Law of Contracts (ch. 7, § 67, p. 249 [1954]), it “is the intention that is expressed in the contract that controls, not an intention secretly cherished by one of the parties. * * * Where the intention clearly appears from the words used, there is no need to go further, for in such cases, the words must govern; or, as it is sometimes said, where there is no doubt, there is no need for interpretation. The court will not attempt, under cover of interpretation, to make a new contract for the parties, nor to change a written contract so as to make it express the real intention of the parties different from that expressed in the words thereof.”
The term “ appurtenances ” in a proprietary lease of a co-operative apartment does not import additional storage room in the absence of an established practice to that effect in the particular co-operative or of necessity therefor, as distinguished from convenience. In Greenblatt v. Zimmerman (132 App. Div. 283, 285), the court, after giving “ great weight ” to the practical construction of a lease by the parties for nearly four years, concluded that ‘4 the right to occupy the cellar to the extent necessary to store coal necessary to be used in conducting the restaurant business was appurtenant to the lease, of the store ”. And the court went on to state the rule generally (p. 285) that 14 The term 4 appurtenances ’ in a lease includes everything 4 which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted.’ ” (Emphasis supplied.) In the circumstances here, I hold that storage space in a co-operative apartment is not necessary and essential to the beneficial use and enjoyment thereof. It is, rather, more in the nature of a convenience. 4 4 A mere convenience is insufficient to create or to. .convey a right or an easement as an incident to a grant or demise, or to impose burdens on land other than those specifically granted ” (1 Basch, New York Law of Landlord and Tenant and Summary Proceedings, § 837, p. 684).
*966 Moreover, the provisions upon which the plaintiff relies are vague and indefinite, and give entire freedom of action and discretion to the hoard of directors of the co-operative corporation. The language is too unspecific to be specifically enforced. By what standard would the court be enabled to determine that the defendant — assuming that the court had mandated performance — did, in attempted compliance with a hypothetical decree of specific performance, provide for the plaintiff “ suitable, and her proportionate share of the storage space ”?
In Sheepshead Bay Bowling Academy v. Newmark (144 N. Y. S. 2d 688) a lessee brought an action against the landlord for specific performance of a certain provision in a lease, and to recover damages for failure of the landlord to comply with that provision. The clause involved had to do with the lessor using his best efforts, at his expense, to secure a release or modification of certain restrictive covenants “ if the same may be done with such expenditure as he may seem reasonable ’ ’, “ for the purpose of erecting a permanent entrance, if the same is possible ”. The lessor moved for judgment dismissing the complaint as failing to set forth facts sufficient to constitute a cause of action. The motion was granted, and, in the course of the opinion, the court stated (p. 690): “ The intent of the parties with respect to the erection of a ‘ permanent entrance ’ to plaintiff’s premises can not be ascertained with any reasonable degree of certainty by reference to the agreement itself. There is no ambiguity here such as to permit parol evidence designed to illumine or clarify their intent. The agreement is vague and indefinite and this defect cannot be cured by resort to parol proof. Varney v. Ditmars, 217 N. Y. 223, 228, 111 N. E. 822, 824; State Storm Window Co., Inc., v. Herder, 279 App. Div. 976, 111 N. Y. S. 2d 676. What is meant by the words ‘ permanent entrance ’? Of what materials is it to be constructed? What are to be its dimensions? Is the structure to be an integral part of the main building extending a distance of sixty feet from the street line to the present entrance; or is it to take the form of a permanent canopy, open on the sides and extending for the same distance? Nothing in the language of the agreement supplies the answers to these questions and, as above indicated, they cannot be supplied by resort to parol proof.”
I need not, I think paraphase the inquiries there put and relate them to the storage space claimed- in the case at bar. Suffice it now to conclude that the motion to dismiss the complaint for insufficiency is granted.