*872 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to the plaintiff, by (1) deleting therefrom so much thereof as modified the Supreme Court, New York County, order of January 9, 1979 by reducing the amount of the judgment ordered to $597,767.64 and reinstating in lieu thereof the first ordering paragraph of said order of January 9, 1979, and (2) reversing so much thereof as affirmed denial of that part of plaintiff’s motion which sought summary judgment dismissing the fourth counterclaim of defendant Sheldon H. Solow. The question certified is answered in the negative.
Plaintiff based its motion for summary judgment on the admission by Arthur Geller, an employee of Solow Development Corporation, that the work performed under the contract was of the agreed price and reasonable value of $8,831,060.66 plus $176,757.38 in extras, of which $7,910,050.40 had been paid (thus leaving a balance of $1,097,767.64. Defendants’ verified answer to the complaint denied performance, but set forth nothing more in support of that denial than that plaintiff had, as alleged in the counterclaims, caused delays in completion. Also submitted as part of defendants’ answering papers was an affidavit from Geller which sought to explain the admission, but alleged no facts establishing a failure of performance by plaintiff, nor did defendants’ papers set forth facts in support of the counterclaims.
Since the Geller admission established prima facie plaintiffs right to judgment, it was defendants’ obligation not only to rebut that prima facie showing but also to demonstrate the existence of a triable issue of ultimate fact by presenting proof in evidentiary form to show nonperformance (Indig v Finkelstein, 23 NY2d 728; see, also, Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255). Although defendants’ verified answer may be used as an affidavit (CPLR 105, subd [s]), that does not help defendants in this case for the answer sets forth no evidentiary facts.
In apparent recognition of the fact that it had not borne its burden of demonstrating its entitlement to judgment on the first three counterclaims (see Zuckerman v City of New York, 49 NY2d 557), plaintiff in this court asks dismissal of only the fourth counterclaim. As to that claim, made by Solow individually, it argues correctly that since the counterclaim is for *873 improper performance of a contract to which Solow was not a party the counterclaim does not state a cause of action.
For the foregoing reasons plaintiff was entitled to summary judgment on its complaint and to dismissal of the fourth counterclaim.