■ CHEMICAL BANK, Appellant, v WEST 95TH STREET DEVELOPMENT CORPORATION, Respondent, et al., Defendants.—Order and judgment (one paper), Supreme Court, New York County (Leonard N. Cohen, J.), entered December 4, 1989, which, *inter alia,* denied plaintiff's motion for summary judgment and granted the cross motion of defendant, the West 95th Street Development Corporation (West), for summary judgment dismissing the complaint, is unanimously modified, on the law and on the facts, to the extent of denying defendant West's cross motion for summary judgment and reinstating the complaint in the consolidated action, and except as so modified, otherwise affirmed, without costs.

Order, same court and Justice, entered November 17, 1989, which, *inter alia,* denied plaintiff's motion for renewal, is unanimously affirmed, without costs.

During the 1970's and 1980's Ms. Jeanne Beatty, also known as Jeanne L. Beaty, was the president of The West 95th Street Development Corporation as well as the Parkbay Development Corporation (Parkbay).

In 1977, at the request of Ms. Beatty, Chemical Bank (Chemical) loaned Parkbay $197,000, for the purpose of financing West's acquisition of six brownstones (property) which are located at 51, 115, 125, 133, 138, and 140 West 95th Street, New York County, from the City of New York (City). Although the Parkbay loan was unsecured, same was personally guaranteed by Ms. Beatty and her late husband.

Thereafter, pursuant to Ms. Beatty's written instructions, which were given in her capacity as president of Parkbay, Chemical disbursed over $195,000 of the proceeds of the loan to Parkbay, in the form of four Parkbay checks to pay for West's purchase of the properties from the City, and for

West's acquisition costs in connection with that purchase. Further, Ms. Beatty noted in substance, above her signature as president of Parkbay on the backs of two of the Parkbay checks, which were dated August 15, 1977, totaled $192,506, and made payable to the City, that those payments were being made upon behalf of West, of which she was also president.

On or about January 21, 1980, Chemical's prior $197,000 loan to Parkbay was replaced by a Chemical loan of $280,000 to West, and this loan was secured by six mortgages and mortgage notes on the property, which represented a mortgage and mortgage note on each one of the six brownstones.

Soon after West defaulted on its payments under the $280,000 loan in February 1981, Chemical (plaintiff) commenced six separate actions against defendant West and others to foreclose the mortgages in the Supreme Court, New York County. By IAS order entered, on consent, on or about April 11, 1988, the six actions were consolidated and the caption amended.

Subsequently, on the eve of trial, plaintiff moved and defendant West cross-moved for summary judgment. By order and judgment entered December 4, 1989, the IAS court, *inter alia,* denied plaintiff's motion, granted defendant West's cross motion, and dismissed the complaint in the consolidated action. Plaintiff appeals.

We have held "[t]he function of summary judgment is issue finding, not issue determination" *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 296 [1st Dept 1986]; *Double A. Limousine Serv. v New York, N. Y. Limousine Serv.,* 130 AD2d 403, 404 [1st Dept 1987]). Further, we stated in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65, 74 [1st Dept 1987]), "[a]s repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue *(Moskowitz v Garlock,* 23 AD2d 943, 944) or where the issue is even arguable *(Barrett v Jacobs,* 255 NY 520, 522), since it serves to deprive a party of his [or her] day in court. Relief should be granted only where no genuine, triable issue of fact exists *(see, Werfel v Zivnostenska Banka,* 287 NY 91)".

Applying the legal authority, *supra,* to the record before us, we find that there are triable issues of fact in this case, which include, but are not limited to: (1) Did West execute the six mortgage notes in connection with the $280,000 loan for value received, since allegedly Parkbay obtained the prior $197,000 loan as the alleged alter ego of West?; and (2) Was the plaintiff's prior loan to Parkbay valid past consideration,

under General Obligations Law § 5-1105, for West's execution of the mortgage notes in connection with the subsequent loan?

Accordingly, we modify the order and judgment, entered December 4, 1989, to the extent of denying the cross motion and reinstating the complaint in the consolidated action.

We have considered the other contentions of the parties, and find them to be without merit. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.