■ MARGARET RUGGIERO et al., Plaintiffs, v LONG ISLAND RAILROAD, Defendant and Third-Party Plaintiff and Second Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. TOWN OF NORTH HEMPSTEAD, MANHASSET PARK DISTRICT, Second Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendant Long Island Railroad (hereinafter LIRR) appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated March 27, 1989, which granted the motion of the second third-party defendant the Town of North Hempstead, Manhasset Park District, for reargument, and, upon reargument, granted its motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed, with costs.

The appellant's contention that the court erred in granting reargument is without merit. Although the second third-party defendant may not have technically met the requirements for reargument, the granting of this relief is discretionary with

the court in the interest of justice *(see, Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865).

The appellant entered into a written lease with the second third-party defendant with respect to land located in Manhasset, New York. An accident occurred on a sidewalk which was adjacent to the leased premises, but did not fall within the boundaries of the premises. The second third-party defendant was obligated under the lease to indemnify the appellant for any injury to person or property "arising in any manner or under any circumstances whatsoever from the condition, use or occupancy of said demised premises including any *appurtenant sidewalk"* (emphasis added). The term "appurtenant" in a lease is defined to include "everything 'which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted' " *(Greenblatt v Zimmerman,* 132 App Div 283, 285; *Oberfest v 300 W. End Ave. Assocs. Corp.,* 34 Misc 2d 963, 965). Since the agreement does not indicate which of the sidewalks are necessary and essential to the beneficial use and enjoyment to the leased premises, we hold that the term is ambiguous and that the court properly admitted extrinsic evidence to explain the writing *(see, Concoff v Occidental Life Ins. Co.,* 4 NY2d 630). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.