OPINION OF THE COURT
Louis B. York, J.
This is a motion for summary judgment dismissing the complaint. The question before the court is whether an owner-landlord of real property can establish an easement by prescription in parts of the leased premises. Neither party’s research has revealed a case which has discussed this issue. *167 Because the court holds that principles involving a tenant’s right to an easement applies with equal force to an owner’s or landlord’s right, the court dismisses this action which the tenant has brought alleging trespass against the defendant owner-landlord.
Plaintiff Saxon Garage Corp. (Saxon) is the commercial lessee of the garage space in the residential garage space of the building owned by the defendant, Regency East Apartment Corp. (co-op), pursuant to a 39V2-year lease of plaintiff Saxon. At that time, the co-op was using a remote space in the garage for the storage and then removal of the compacted garbage generated by occupants of the residential premises. On the three days of the week scheduled for department of sanitation removal, the garbage is brought up to the street, using a mechanical hoist located near where the garbage is stored. At the start of this litigation, this procedure had been ongoing for 21 years.
Several months after the co-op and Saxon disagreed over Saxon’s responsibility regarding repairs in the garage, Saxon brought this lawsuit seeking damages of $1 million for trespass and an injunction against the co-op garage space for the storage and removal of the co-op’s garbage.
Defendant’s motion argues that it has an easement for storage and movement of garbage through the space in question, necessitating dismissal. Plaintiff asserts that a landlord is not entitled to an easement over space in leased property.
“Once the claimant has shown, by clear and convincing evidence, that the subject property was used openly, nortoriously, and continuously for the statutory period, the presumption arises that the use was adverse and the burden shifts to the owner of the property to rebut the presumption by showing that the use was permissive.” (Casey v Bazan, 253 AD2d 838, 838 [2d Dept 1998].)
Real Property Actions and Proceedings Law § 311 requires that the elements for the easement must have continuously existed for a period of 10 years. In Casey v Bazan, the tenant was asserting the easement and it was the owner who was trying to defeat it, whereas here, the owner is asserting the easement and the tenant is trying to defeat it. The court notes that there is no reason not to apply the same principle asserted in Casey to the owner’s need for an easement in this action. All of these elements were satisfied by the co-op and Saxon has not offered any evidence to show that the use was permissive.
*168 Even where the use has been permitted for a time, there are circumstances where the withdrawal of that permission cannot be tolerated. This is the case where “such easement is ‘convenient or essential to the beneficial use and enjoyment’ of the [property].” (Lemkin v Gulde, 25 Misc 2d 144, 149 [Sup Ct, Nassau County 1960, Bernard S. Meyer, J.] [citations omitted]; cf. Oberfest v 300 W. End Ave. Assoc. Corp., 34 Misc 2d 963, 965 [Sup Ct, NY County 1962] [storage room convenient but not essential to specific enjoyment of the premises; therefore no easement recognized].) This type of easement has been variously referred to as an easement by estoppel or implication or necessity. (Lemkin v Guide, supra.) Accordingly, it is ordered and adjudged that the motion of the defendant Regency East Apartment Corp. for summary judgment dismissing the complaint is granted.