SILBERSTEIN, AWAD & MIKLOS, P.C., Respondent, v ELLEN CARSON, Defendant, and SPENCER, MASTON & McCARTHY, LLP, et al., Appellants. [757 NYS2d 871] —In an action, inter alia, to recover damages for intentional tortious interference with contract, the defendants Spencer, Maston & McCarthy, LLP, and Gilbert G. Spencer, Jr., appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated July 30, 2002, as denied those branches of their motion which were, in effect, for summary

judgment dismissing the causes of action to recover damages for intentional interference with contract and unjust enrichment, for reimbursement on a quantum meruit basis for its legal fees in an action entitled *Morgan v Talusan,* pending in Supreme Court, Bronx County, under Index No. 8083/01, and to impose a sanction pursuant to 22 NYCRR 130-1.1 upon the plaintiff, and (2) an order of the same court, dated November 15, 2002, as, in effect, upon reargument, adhered to the original determination, and denied that branch of their motion which was for a protective order to quash subpoenas to depose nonparty witnesses.

Ordered that the appeal from the order dated July 30, 2002 is dismissed, as that order was superseded by the order dated November 15, 2002, made upon reargument; and it is further,

Ordered that the order dated November 15, 2002, is modified by deleting the provision thereof which, upon reargument, denied those branches of the motion of the defendants Spencer, Maston & McCarthy, LLP, and Gilbert G. Spencer, Jr., which were for summary judgment dismissing the causes of action to recover damages for intentional interference with contract and unjust enrichment and substituting therefor a provision, upon reargument, granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, the complaint is dismissed insofar as asserted against the appellants, the action against the remaining defendant is severed, and the order dated July 30, 2002, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The defendants Spencer, Maston & McCarthy, LLP, and Gilbert G. Spencer, Jr. (hereinafter the Spencer defendants), established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The burden then shifted to the plaintiff to lay bare its proof to show that there was a triable issue of fact (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609, 610 [1999]). In opposition, the plaintiff failed to submit evidence that the Spencer defendants used unlawful means to interfere with the contractual relationship between the plaintiff and the plaintiff's client (*see Wolf v National Council of Young Israel,* 264 AD2d 416, 417 [1999]), or that the plaintiff conferred a benefit on the Spencer defendants for which it was not adequately compensated (*see Smith v Chase Manhattan Bank, USA,* 293 AD2d 598, 600 [2002]). Accordingly, the Spencer defendants were entitled to summary judgment dismissing the plaintiff's causes of action

to recover damages for intentional interference with contract and unjust enrichment insofar as asserted against them.

The parties' remaining contentions are either academic or without merit. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.