OPINION OF THE COURT
Barbara Jaffe, J.
*736 By notice of cross motion dated September 6, 2006, petitioner cross-moves pursuant to CPLR 3212 for an order granting it partial summary judgment on the instant holdover petition, awarding it a judgment of possession against respondent with respect to the vault space at the above-referenced premises, issuing a warrant of eviction, striking respondent’s affirmative defenses, conforming the pleadings to the proof, and striking respondent’s jury demand. For the following reasons, the motion is granted in part.
I. Background
Pursuant to a 25-year lease dated April 28, 2004, respondent leased from petitioner’s predecessor portions of the basement and ground floor of the building located at 85 Tenth Avenue, New York, New York. (Affidavit of Keith G. Rubenstein, Sept. 6, 2006, exhibit D.) Petitioner now owns the building. (Id., exhibit C.)
With respect to the vault space in issue here, paragraph 14 of the lease provides that:
“All vaults and vault space and all such areas not within the property line of the building, which Tenant may be permitted to use and/or occupy, is to be used and/or occupied under a revocable license, and if any such license be revoked, or if the amount of such space or area be demolished or required by any federal, state or municipal authority or public utility, Owner shall not be subject to any liability nor shall Tenant be entitled to any compensation or diminution or abatement of rent, nor shall such revocation, diminution or requisition be deemed constructive or actual eviction” (id., exhibit D).
The lease also contains a jury waiver clause, in which the parties agreed to waive their right to a jury trial in any action or proceeding brought by either party against the other related to “any matters whatsoever arising out of or in any way connected with this lease, the relationship of Owner and Tenant, Tenant’s use or occupancy of said premises, and any emergency statutory or any other statutory remedy.” (Id. 11 25.)
On January 11, 2006, petitioner served respondent with a 10-day notice to quit the vault space and remove from it its equipment and any associated construction by January 28. (Id., exhibit A.) On February 14, as respondent failed to comply with the 10-day notice, petitioner served it with a notice of petition and petition.
*737 On or about July 31, 2006, respondent served its verified answer, in which it interposed five affirmative defenses: (1) failure to state a cause of action; (2) respondent’s license to use the vault space is appurtenant to its lease and is thus irrevocable; (3) petitioner lacks standing as it is not a New York limited liability company as indicated in its petition; (4) waiver and estoppel; and (5) unclean hands. (Rubenstein affidavit, exhibit B.) Respondent also served on petitioner a jury demand. (Id., exhibit I.)
In a written decision and order dated July 20, 2006, another judge of this court denied respondent’s motion to dismiss the instant proceeding. By order to show cause dated August 1, 2006, respondent moved for leave to reargue the July 20 decision, and petitioner filed the instant cross motion for summary judgment. By decision and order dated October 25, 2006, the motion to reargue was denied. Petitioner’s cross motion seeking summary judgment was subsequently referred to me.
II. Analysis
Summary judgment may be granted upon a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence sufficient to eliminate material issues of fact. (CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. (Winegrad, 64 NY2d at 853.)
When the party seeking summary judgment demonstrates entitlement to judgment the burden shifts to the opponent to “rebut that prima facie showing” (Bethlehem Steel Corp. v Solow, 51 NY2d 870, 872 [1980]), by producing “evidentiary proof in admissible form sufficient to require a trial of material questions of fact.” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 968 [1985].) In opposing such a motion, the party must “lay bare” its evidentiary proof. (Silberstein, Awad & Miklos v Carson, 304 AD2d 817, 818 [2d Dept 2003].) Conclusory allegations are insufficient to defeat the motion. (Zuckerman, 49 NY2d at 562.)
In deciding the motion, the court must draw all reasonable inferences in favor of the nonmoving party and must not decide credibility issues. (Dauman Displays v Masturzo, 168 AD2d 204 [1st Dept 1990], lv dismissed 77 NY2d 939 [1991].) As summary *738 judgment is a drastic remedy which deprives a party of being heard, it should not be granted where there is any doubt as to the existence of a triable issue of fact (Chemical Bank v West 95th St. Dev. Corp., 161 AD2d 218 [1st Dept 1990]), or where the issue is even arguable or debatable. (Stone v Goodson, 8 NY2d 8 [1960].)
A. Petitioner’s Prima Facie Case
Petitioner contends that it is entitled to judgment on its petition, relying on the affidavit of Keith Rubenstein, president of the managing member of the limited liability company that is petitioner’s managing member, the parties’ lease, and the certified deed for the building as proof that petitioner is the owner and landlord of the leased premises and that respondent is its tenant, and upon the pleadings. It acknowledges its error in pleading its status as a New York limited liability company and requests that its pleading be deemed amended to conform to its proof that it is a Delaware limited liability company authorized to do business in the State of New York. (Rubenstein affidavit, It 22 n 1.)
Respondent argues that as its use of the space is necessary to its restaurant business, it is appurtenant to its lease and, thus, its license to use it cannot be revoked. It also asserts that petitioner has no capacity to bring this proceeding as it has failed to establish that it is authorized to do business in New York and that, in any event, petitioner failed to formally request leave to amend or annex a proposed amended pleading. In reply, petitioner submits copies of records from the Delaware and New York departments of state as proof that it is authorized to do business in New York, and denies that it was required to annex an amended pleading. (Reply affidavit of Keith G. Ruben-stein, dated Oct. 6, 2006, exhibits A, B, C; reply affirmation of Warren A. Estis, Esq., dated Oct. 17, 2006.)
A court may permit the correction in a pleading of a mistake, omission, defect or irregularity at any time (CPLR 2001), even in a summary proceeding. (3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 43:3 [2006].) The pleading may be amended to conform to proof introduced on a motion. (Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380 [1st Dept 2006] [court has discretion to amend pleadings to conform to proof introduced on petition and cross motion to compel]; Cave v Kollar, 2 AD3d 386 [2d Dept 2003] [court may sua sponte deem pleadings amended to conform to evidence presented on motion and cross motion for summary judgment].)
*739 Here, petitioner has set forth a sufficient basis for permitting the requested correction and is not required to seek leave to amend by a separate motion. Moreover, having raised the issue of petitioner’s authority to do business in New York, respondent is not prejudiced by the correction and in any event, it conceded petitioner’s corporate status in previous litigation between the parties. Thus, based on the evidence presented, I deem the pleadings corrected to reflect petitioner’s status as a Delaware limited liability company authorized to do business in New York.
I also find, based on the proof submitted, that petitioner has established, prima facie, its entitlement to partial summary judgment on its petition. The burden thus shifts to respondent to raise a triable issue sufficient to preclude summary judgment in favor of petitioner. As respondent has established that its use of the space is necessary and essential to its business and that petitioner improperly revoked respondent’s license to use the space (infra, part II [C]), petitioner’s cross motion for an order granting it partial summary judgment is denied.
B. Respondent’s First Affirmative Defense (Failure to State a Cause of Action)
Petitioner argues that this affirmative defense lacks merit as it has established its prima facie entitlement to summary judgment, and as all of respondent’s other affirmative defenses are without merit. Although I have found that petitioner established a prima facie case and despite respondent’s failure to assert any factual allegations in support of this defense (see Robbins v Growney, 229 AD2d 356 [1st Dept 1996] [bare legal conclusions and no factual basis for allegations insufficient to raise affirmative defense]; Glenesk v Guidance Realty Corp., 36 AD2d 852, 853 [2d Dept 1971] [same]), the defense is not properly subject to dismissal (see Riland v Todman & Co., 56 AD2d 350 [1st Dept 1977]), where all of respondent’s other affirmative defenses are not stricken (see Raine v Allied Artists Prods., 63 AD2d 914, 915 [1st Dept 1978] [defense of failure to state cause of action properly dismissed where all other affirmative defenses stricken]).
C. Respondent’s Second Affirmative Defense (Appurtenance)
Petitioner denies that the vault space is necessary to respondent’s business, and contends that respondent conceded in previous litigation that the equipment can be relocated to the basement. It admits, however, that respondent would have to *740 close its restaurant for approximately 10 weeks in order to redesign the basement at a cost of approximately $500,000. Petitioner thus argues that respondent’s use of the vault space is not appurtenant to the lease but constitutes a mere convenience. (Rubenstein affidavit, exhibit G.)
Respondent claims that the ability to move the equipment from the vault space is irrelevant to determining whether its use of the space is appurtenant to the lease, and maintains that its use of the space to store its refrigerator compressors and hot water heaters is essential to its operation. (Affirmation of Menachem J. Kastner, Esq., dated Sept. 19, 2006; affidavit of Joseph Bastianich, Sept. 19, 2006.) Bastianich, respondent’s managing member, also asserts that the compressors and hot water heaters are permanently installed in the space and are not designed to be easily relocated, and that it would require a substantial redesign of the basement and considerable expense to relocate them. He also observes that the elevator machine room located within the vault space runs the passenger elevator. According to Bastianich, before and after petitioner’s purchase of the building, Rubenstein toured the premises, including the vault space, thus acquiring knowledge of respondent’s use of the space, and petitioner’s predecessor approved respondent’s plans for the vault space. (Bastianich affidavit.)
An appurtenance is a right and privilege which is essential or reasonably necessary to the full beneficial use and enjoyment of the leased property. An appurtenance may not be revoked or otherwise terminated until the lease ends. (1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 7:5 [2006].) A tenant’s mere convenience in its use and enjoyment of the space does not create an appurtenance. (Id. § 7:8.)
Numerous courts, both appellate and trial, have found appurtenances in circumstances similar to those presented here. In Greenblatt v Zimmerman (132 App Div 283 [1st Dept 1909]), a tenant restaurant sued its landlord for the right to continue using the building’s cellar to store coed, which right was conferred by lease. The Court, in ruling in favor of the tenant, found that “the right to occupy the cellar to the extent necessary to store coal necessary to be used in conducting the restaurant business was appurtenant to the lease of the store.” (132 App Div at 285.) It deemed without merit the landlord’s argument that a separate building in the yard was available for the tenant’s use as the building had never been used to store coal and it would have been inconvenient and expensive for the tenant to carry *741 the coal there. Thus, the Court held that the cellar was “essential to the enjoyment of the lease that the tenant should have a suitable and convenient place for storing coal” and that “it would be absolutely unreasonable to expect the tenant to store the coal in the restaurant or in the yard.” (Id.)
Similarly, in Riccardo’s Lounge Inc. v Maggio, the court found that the restaurant tenant’s use of a basement had created an appurtenance where the tenant, from the commencement of the term, had been using the basement, with the prior landlord’s knowledge and consent, to store its plumbing, pipes, and a grease trap. (9 Misc 3d 1112[A], 2005 NY Slip Op 51509[U], *1 [Sup Ct, Nassau County 2005]; see also 34 Crescent St. Assoc. LLC v U.S. Fish Depot Corp., 4 Misc 3d 143[A], 2002 NY Slip Op 50720[U], *1 [App Term, 2d & 11th Jud Dists 2002] [restaurant tenant’s use of access to rear yard for deliveries held to be necessary to business as tenant had used yard with prior owner’s consent and business depended on deliveries, despite availability of alternative access]; 132 Spring St. Assoc. v Helversen Enters., Inc., NYLJ, Mar. 1, 1989, at 22, col 4 [Civ Ct, NY County] [freight elevator found to be appurtenance, despite availability of other access to premises, where lease granted tenant use of elevator which was needed to transport belts of fabric weighing up to 500 pounds in and out of premises]; Broadway-Spring St. Corp. v Berens Export Corp., 12 Misc 2d 460 [Mun Ct, Manhattan 1958] [tenant’s use of freight elevator for deliveries was necessary for its business].)
Conversely, where premises are not essential to the tenant’s business or use and enjoyment, and there exist alternative premises for the tenant’s use, courts have declined to find an appurtenance. (See e.g. Oberfest v 300 W. End Ave. Assoc., 34 Misc 2d 963 [Sup Ct, NY County 1962] [storage space in basement was mere convenience and not necessary to tenant’s beneficial use and enjoyment of cooperative apartment]; Mammy’s Inc. & Pappy’s Inc. v All Continent Corp., 106 NYS2d 635 [Sup Ct, NY County 1951] [no appurtenance created by restaurant tenant’s use of parking garage to dispose of garbage; lease contained no reference to garbage disposal; tenant had alternative means of disposing of garbage]; Oceana Holding Corp. v Atlantic Oceana Co., Inc., 4 Misc 3d 1029[A], 2004 NY Slip Op 51122[U], *1 [Civ Ct, Kings County 2004] [in determining whether restaurant tenant was evicted from property, its use of second floor of building to host parties, use of parking garage for customers, and use of basement to store tables, chairs, sup *742 plies and fixtures and as dressing room for waiters, found to be neither reasonably necessary nor essential to use of leased premises as restaurant]; Telesca v Bruenn Co., 71 Misc 2d 208 [New Rochelle City Ct 1972] [use of basement storage area or customer parking area held not necessary to business of insurance agency].)
Here, it is undisputed that the parties’ lease specifically contemplates respondent’s use of the vault space, that petitioner’s predecessor knew of and consented to it, that the compressors, hot water heaters, and elevator machine equipment including hydraulic pumps and tanks and wiring and piping were installed within the vault space, and that the costs associated with redesigning the basement and moving all of this equipment there would be relatively prohibitive. Consequently, the availability of the basement presents an impractical alternative. (See Greenblatt, 132 App Div 283 [1909].) In these circumstances, I find that respondent’s use of the space was reasonably necessary to the full beneficial use and enjoyment of its business, thereby resulting in an appurtenance, and thus, petitioner improperly revoked its license.
D. Respondent’s Third Affirmative Defense (Lack of Standing)
As discussed above (part II [A]), petitioner has established that it is a Delaware limited liability company authorized to do business in this state. Moreover, a party asserting a defense based on Business Corporation Law § 1312 bears the burden of proof on the issue. (Great White Whale Adv. v First Festival Prods., 81 AD2d 704 [3d Dept 1981].) Here, respondent submitted no evidence that petitioner lacked authority to maintain the instant proceeding.
E. Respondent’s Fourth and Fifth Affirmative Defenses (Waiver, Estoppel, Unclean Hands)
Petitioner contends that these affirmative defenses must be dismissed as they are bereft of any facts. Respondent argues that these defenses must be read in conjunction with the other allegations set forth in its answer and asserts that petitioner’s predecessor approved, consented to, and participated in the placement of respondent’s equipment in the vault space and knew that respondent was spending millions of dollars to design and construct its business based on that consent. (Kastner affirmation.) Respondent thus argues that petitioner is estopped from revoking that consent. In reply, petitioner denies that *743 these allegations are contained in respondent’s answer, and argues that, in any event, its predecessor merely granted respondent a revocable license to use the space.
A review of respondent’s answer reflects that it contains no specific factual allegations concerning these defenses, and they are thus insufficiently pleaded. (See Glenesk, 36 AD2d at 853 [defenses that merely plead conclusions of law without supporting facts are insufficiently pleaded].)
E Respondent’s Jury Demand
Petitioner argues that respondent’s jury demand must be stricken as it waived its right to a jury trial pursuant to paragraph 25 of the lease. It contends that the instant holdover proceeding is brought in connection with the parties’ lease, that the July 20 decision and order recognized that connection, and that in pleading its affirmative defenses respondent has referred to the parties’ lease and to the use of the premises pursuant to the lease. Petitioner also asserts that pursuant to CPLR 4101, respondent’s fourth and fifth affirmative defenses are equitable in nature and thus must be heard by the court rather than a jury.
Respondent argues that petitioner is precluded from asserting that respondent’s right to the vault space emanates from the lease, having argued otherwise in the Supreme Court action. It also asserts that the waiver provision in the lease is inapplicable as the proceeding does not arise out of the lease and does not involve premises demised to respondent pursuant to the lease, but rather arises out of a license that is separate from the lease.
In reply, petitioner observes that respondent has not disputed that its equitable defenses cannot be tried by a jury, and that certain provisions of the lease bear on the instant dispute over the vault space.
As the jury waiver provision in the parties’ lease applies to all matters arising out of or in connection with the lease, the parties’ relationship as landlord-tenant, or respondent’s use and occupancy of the premises, I find that it applies to the instant dispute over the vault space. It is the lease which grants respondent the right to a license to use the space and it is respondent’s use and occupancy of that space that is directly at issue here. I thus find that respondent has waived its right to a jury trial in this action.
*744 III. Conclusion
Accordingly, petitioner’s motion for partial summary judgment is denied, its pleadings are amended as indicated herein, and its motion to strike respondent’s affirmative defenses and jury demand is granted to the extent that respondent’s third and fourth affirmative defenses and its jury demand are dismissed.