OPINION OF THE COURT
Barbara Jaffe, J.
Defendant moves pursuant to CPLR 3212 for an order granting it partial summary judgment dismissing plaintiff’s first cause of action. Plaintiff cross-moves for an order granting him partial summary judgment on his first and third causes of action. For the following reasons, both motions are denied.
In this action, plaintiff seeks compensatory damages and, pursuant to General Business Law § 396-u, treble damages for defendant’s failure to deliver to him 12 items of furniture within its estimated date of delivery and refund his deposit. (Affirmation of Samuel A. Stern, Esq., dated Sept. 8, 2006 [Stern aff], exhibit A.) By stipulation dated September 29, 2005, plaintiff agreed that he would limit his ad damnum to $25,000, the jurisdictional limit of this court. {Id., exhibit E.)
I. Governing Law
A. Summary Judgment
Pursuant to CPLR 3212, summary judgment may be granted upon a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence sufficient to eliminate material issues of fact. (CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) To defeat a party’s motion for summary judgment, the opposing party must “rebut [the moving party’s] prima facie showing” (Bethlehem Steel Corp. v Solow, 51 NY2d 870, 872 [1980]), by producing “evidentiary proof in admissible form sufficient to require a trial of material questions of fact.” (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 968 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
B. General Business Law § 396-u
Pursuant to General Business Law § 396-u (2) (a), a furniture dealer is required to “disclose an estimated delivery date, or an *915 estimated range of delivery dates, conspicuously and in writing on the consumer’s copy of the contract entered into for the sale . . . at the time an order for such merchandise is taken.” Subdivision (2) (b) requires the dealer to deliver the furniture “by the latest date stated for delivery” unless the customer is notified of the delay and the revised delivery date or range of delivery dates and that upon the expiration of the latest originally stated date, the customer “shall have the option of’ canceling the order and receiving a full refund, or canceling the order and receiving a credit from the dealer in the amount of the deposit, or negotiating a new delivery date or range of dates, or modifying the order by selecting new furniture. A furniture dealer’s failure to abide by these statutory requirements, with certain exceptions not applicable here (General Business Law § 396-u [3], [4], [6]), constitutes an “unlawful practice.” (General Business Law § 396-u [2].)
Noncompliance with the statute will result in a furniture dealer being held strictly liable for compensatory damages. It may thus be reasonably inferred that the Legislature sought to ensure a dealer’s compliance with its own delivery deadlines which it is free to impose on itself in such a manner as to incur little or no risk of an untimely delivery. However, the statute contains an exemption for furniture that is “in substantial part custom-made or custom finished.” (General Business Law § 396-u [1] [c].)
A customer who has incurred damages as a result of a dealer’s failure to comply with the statute may bring an action to recover those damages or a judgment equal to three times the damages. (General Business Law § 396-u [7].) Treble damages may not be assessed against a dealer who shows “by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.” (Id.)
The statute is intended “to protect consumers from fraud and deceptive practices relating to delivery of furniture and appliances.” (Mem of Atty Gen, 1981 NY Legis Ann, at 468.)
II. Defendant’s Motion
A. Contentions
In seeking summary dismissal of plaintiffs claim based on General Business Law § 396-u, defendant maintains that as *916 plaintiff ordered furniture that was in substantial part custom-made, the statute is inapplicable. In support, it offers the affidavit of John Lombardi, defendant’s senior vice-president of operations, who alleges that “[njone of the items ordered were stock items,” that “[ejach item had to be made specifically for plaintiff as each item had unique and particular color and/or material and/or fabric specifications,” and that “[ejach item was custom made and manufactured specifically for Defendant at various factories in Europe.” (Affidavit of John Lombardi, dated Sept. 8, 2006.)
Defendant also offers plaintiffs purchase orders, one dated July 12, 2003, and three dated July 20, 2003, each prominently headed “Special Order/Custom Order.” One of the July 20 orders expands upon the July 12 order. (Stern aff, exhibit C.) The July 12 order reflects that plaintiff, who signed it, ordered a queen-sized bed and a nightstand with “double tops,” each in “wenge” and “as shown.” (Id.)
Order number H6883, dated July 20 and also signed by plaintiff, reflects that defendant revised the July 12 order “to define fabric for bed & add nesting tables.” (Id.) The nesting tables were also ordered in “wenge.” On July 23, defendant added to the order the interior dimensions of the bed, dimensions for the tables and for the nightstand, and a model number for the nightstand and the annotation “frosted glass top and clear glass shelf.” (Id.)
It may thus be inferred that plaintiff ordered the bed in a particular material, size, and fabric, that the nightstand was ordered in a particular material and with additional features, and that the nesting tables were ordered in a particular material and in particular sizes.
Another order dated July 20 and signed by plaintiff reflects that he also ordered a “premier” two-seat sofa with leather protection, a “functional” glass cocktail table “as shown,” two “techno wood back/upholstered seat bar stools” in “wenge,” and a 7-foot-by-7V2-foot area rug. On July 24, defendant annotated the order, adding the size of the sofa, and indicating aluminum legs, changing the cocktail table from “as shown” to one with clear glass, and adding a beech stain to the wenge bar stool backs and “alcantara/bordeaux” for the seats, and stool legs of “A4 satin metal.” It also provided that the rug not be padded and that it should not be cut before the rendering is approved. (Id.)
Thus, the sofa was ordered in a particular size and with a particular kind of leg, the cocktail table was ordered with a par *917 ticular glass top, the bar stools were ordered in a particular material, fabric, color and with a particular leg, and the rug was ordered in a particular design that had to be approved before being cut.
The second page of the order, also signed by plaintiff, reflects that he ordered a white diffuser/grey finished floor lamp and two milk glass/white diffuser/grey metallic finished table lamps. On July 24, defendant added prices for the individual items. (Id.)
In opposition to defendant’s motion, plaintiff argues that defendant has failed to demonstrate how the furniture he ordered was in substantial part custom-made, and that it has therefore not sustained its burden of demonstrating, prima facie, that it is entitled to a summary dismissal of his first cause of action. (Affirmation of Jeffrey Benjamin, Esq., dated Dec. 5, 2006 [Benjamin aff].) Plaintiff also denies that the furniture was custom-made as he had selected the items from either defendant’s showroom or on-site catalog. (Affidavit of William Julio, dated Nov. 29, 2006 [Julio affid].) He relies on the orders he received from defendant which he contrasts with those submitted by defendant on the motion, and maintains that the orders offered by defendant were altered without his knowledge and in an attempt to avoid the strictures of General Business Law § 396-u. (Stern aff; Julio affid.)
In reply, defendant reiterates Lombardi’s assertion that the furniture was custom-made. (Reply affirmation of Samuel A. Stern, Esq., dated Dec. 18, 2006 [Stern reply aff].)
B. Analysis
Defendant’s entitlement to an order summarily dismissing plaintiffs cause of action requires that it establish, prima facie, by admissible evidence sufficient to eliminate material issues of fact, that the furniture ordered by plaintiff was “in substantial part custom-made or custom finished.” As the Legislature has provided no definition of the term and no definition appears in the Bill Jacket or legislative history, it must be construed. One principal of statutory construction permits a court to employ the “natural and most obvious sense” of a term, and as “[t]he Legislature is presumed to mean what it says,” the natural and most obvious meaning of the term may be discerned by reference to a dictionary. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 233.)
Here, the term “custom-made” is defined in a standard dictionary as “made to individual order.” (Random House Dictio *918 nary of English Language [2d ed, unabridged 1987].) This definition permits an inference that the Legislature did not intend to exempt from compliance with the statute dealers who sell furniture that is simply taken from a shelf of premade items, even if the shelf is located abroad.
The breadth of such a definition also permits an inference that if an item of furniture is made upon receipt of an order specifying its various components and elements and even if the manufacturer regularly produces such items in the same components and elements, then the item would nonetheless be custom-made so long as it was made pursuant to an individual order, just as surely as if made pursuant to a customer’s order for an item with a unique design, color, size, material, and fabric. That the statute is designed to promote the public good does not warrant a narrower construction of the term as such a construction would bring within the statute’s strict requirements dealers not intended to be targeted by the legislation and would not “attain the end in view.” (Statutes § 341.)
In light of the foregoing, absent any indication that the Legislature intended a narrower construction of the term, and, given the strict liability that attaches to violators, the dictionary definition of the term “custom-made” must be applied. (Statutes § 321 [where remedial statute creates liability not otherwise existing, rule of liberal construction does not apply].)
The only judicial construction of the term “custom-made” appears in Dweyer v Montalbano’s Pool & Patio Ctr, Inc. (NYLJ, Mar. 16, 2004, at 18, col 3 [Civ Ct, Richmond County], affd on other grounds 10 Misc 3d 135[A], 2005 NY Slip Op 52122[U] [App Term, 2d & 11th Jud Dists 2005]). There, the court held that patio furniture is not custom-made if the design, fabric, and color is selected from a limited list offered by the manufacturer in a catalog, even if specially ordered and not kept in stock in a finished state. (Id.) Rather, the court indicated, custom-made furniture is only furniture that is built according to measurements that are unique to the individual placing the order. (Id.) To the extent that the Dweyer decision pertains to the furniture in issue here and conflicts with the natural and most obvious sense of the term “custom-made” as defined by a standard dictionary, I decline to follow it.
For all of these reasons, I hold that an item of furniture ordered in one of several designs, materials, sizes, colors, or fabrics offered by a manufacturer to all of its customers, if made pursuant to an order specifying a substantial portion of its *919 components and elements, is “in substantial part custom-made.”
In light of this construction of the statute, I first find that in addition to offering no basis for his asserted knowledge of the facts concerning the manufacture of the furniture ordered by plaintiff, Lombardi’s allegations are bereft of nonconclusory facts. I also observe that his apparent inability to specify whether each item, in terms of its particular color, material, and fabric, was made for plaintiff reflects his lack of personal knowledge.
The purchase orders prove that all of the items were associated with model numbers, indicating that none were entirely made to plaintiffs order. That the orders are headed “Special Order/Custom Order” is self-serving and proves nothing. However, the orders also tend to establish that each item of furniture ordered by plaintiff was to some degree custom-made. Whether the purchase orders establish that the furniture was in substantial part custom-made must be resolved at trial.
Consequently, the evidence submitted by defendant does not establish, prima facie, that the items ordered by plaintiff were in substantial part custom-made and the burden does not shift to plaintiff. Defendant’s motion for an order summarily dismissing the first cause of action is therefore denied.
Ill, Plaintiffs Cross Motion
A. First Cause of Action (General Business Law § 396-u)
In light of my determination that furniture ordered from a showroom or on-site catalog may, in certain circumstances, be custom-made in substantial part (II, B), I find that plaintiff too has failed to set forth facts which establish, prima facie, that the furniture he ordered from defendant was not in substantial part custom-made. Consequently, the burden of proof on plaintiff’s motion does not shift to defendant, and plaintiff’s motion for an order summarily granting him judgment on his first cause of action is denied.
B. Third Cause of Action (Breach of Contract)
Plaintiff maintains that he is entitled to summary judgment on his cause of action for breach of contract. He alleges that on November 24, he cancelled the orders he placed with defendant pursuant to paragraph six of defendant’s terms and conditions of sale and that defendant refused to honor the cancellation. (Benjamin aff, exhibit C; Julio affid.)
*920 In opposition, defendant reiterates Lombardi’s assertions that the furniture was custom-made. (Stern reply aff.)
Pursuant to paragraph six of defendant’s terms and conditions of sale:
“[a] cancellation fee of 25% of the purchase price will be imposed if you cancel all or any part of the merchandise order. However, no cancellation charge will be imposed if we were unable to deliver the merchandise ordered on or before the last date required by law and the order was cancelled before we were able to make delivery unless the item is custom made or custom finished as defined under General Business Law, section § 396-U.” (Benjamin aff, exhibit C; Julio affid.)
As I have already found that plaintiff has failed to establish, prima facie, that the furniture he ordered was not custom-made (III, A), the burden of proof on the motion does not shift to defendant, and plaintiffs motion for an order granting him summary judgment on the third cause of action is denied.
IV Conclusion
Accordingly, defendant’s motion for an order granting him summary judgment dismissing plaintiffs first cause of action is denied, and plaintiffs cross motion for an order granting him summary judgment on his first and third causes of action is denied.