Canal Rubber Supply Co. Inc. v 6 Greene Realty Owner, LLC (2025 NY Slip Op 01313)

Canal Rubber Supply Co. Inc. v 6 Greene Realty Owner, LLC

2025 NY Slip Op 01313

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 162429/19|Appeal No. 3883|Case No. 2024-05346|

[*1]Canal Rubber Supply Co. Inc., Plaintiff-Appellant,
v
6 Greene Realty Owner, LLC, Defendant-Respondent.

Braverman Greenspun P.C., New York (Mitchell S. Zingman of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered July 26, 2024, which denied plaintiff's motion to amend the complaint to add claims for actual eviction based on defendant's denial of timely same-day street level access to the building elevator and related injunctive relief, unanimously reversed, on the law, without costs, and the motion granted.
The decision in the prior appeal affirmed the dismissal of plaintiff's second cause of action, which only sought an injunction directing defendant to provide it with a key to access the elevator (Canal Rubber Supply Co. Inc. v 6 Greene Realty Owner, LLC, 202 AD3d 616, 617 [1st Dept 2022]). This does not preclude plaintiff's proposed new causes of action, which seek distinct relief, namely reasonable same-day or delivery-contemporaneous elevator access.
"A lease need not refer to 'appurtenances' in order to pass them to the tenant" (Second on Second CafÉ, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 268 [1st Dept 2009]). Rather, an appurtenance "includes everything which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted" (Greenblatt v Zimmerman, 132 App Div 283, 285 [1st Dept 1909] [internal quotation marks omitted]). Here, plaintiff's principal asserted that, since plaintiff began leasing the premises, it has both enjoyed and required extensive access to the elevator for its business. Notably, the principal asserted that the carriers with whom plaintiff does business give ranges of dates for their pick-ups and deliveries without providing exact delivery schedules. This creates the possibility that plaintiff requires continued same-day, street-level elevator access as an appurtenance to its lease. Thus, the two proposed additional causes of action are not palpably insufficient (see McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]). We note that the defendant relied on documents outside the record of this appeal, which we did not consider. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025