OPINION OF THE COURT
Kevin J. Kerrigan, J.
Defendant’s motion is granted to the extent that the branch of the motion to amend its answer to add the affirmative *310 defense of lack of standing based upon an invalid assignment is granted. However, the branch of the motion which seeks dismissal of the action based upon the affirmative defense is denied.
The assignment states that in consideration of services rendered:
“I hereby assign to the provider * * * so much of my first party no-fault automobile insurance benefits and rights * * * as shall equal the full amount of the bill for such services and the provider or his assign may secure same in my name.
“I further understand if said sum is not collected, I will remain personally liable therefor.” (See, exhibit D annexed to the moving papers.)
This language evinces an intent to transfer all rights and interests for no-fault benefits by the assignor to the provider. First, the provider agrees to accept the amount of payments provided under the no-fault fee schedule, and the assignor would remain liable only for that total amount, if the insurer refused payment (see, Insurance Law §§ 5102, 5108 [a], [b]). Specifically, Insurance Law § 5108 (c) forbids a health care provider to request or demand payment from the no-fault applicant in excess of the authorized charges. Thus, the applicant would not be required to pay the provider in excess of the fee schedule.
Secondly, 11 NYCRR 65.15 (j) (1) authorizes direct payments to the applicant or to the provider upon assignment. Furthermore, the assignment cannot be revocable (11 NYCRR 65.15 [j] [2]), and the assignment language here demonstrates no intent to revoke.
Accordingly, this assignment demonstrates a complete assignment of rights and interests by the assignor to the provider.* By this assignment, the provider is merely seeking to protect its bill for services rendered to the assignor as a result of a motor vehicle accident under the No-Fault Law. The *311 assignor retains no right to bring an action. “[T]he assignee of a claim is the real party in interest and he alone can bring suit” (see, Gingold v State Farm Ins. Co, 168 Misc 2d 62, 64), and the assignment is authorized by the no-fault statute (see, Pain Resource Ctr. v Travelers Ins., 185 Misc 2d 409; see also, 11 NYCRR 65.15 et seq.).
Accordingly, since the court finds the assignment to be valid, plaintiff has standing to bring this action, and the balance of the motion is denied.

 This result is contrary to that reached in Rehab Med. Care v Travelers Ins. Co. (184 Misc 2d 140). In that case, though the assignment language is identical to our case, the court held that the assignment was invalid, since the assignor did not transfer all of her rights to recover benefits from the insurer. The court noted that the assignor remains liable for medical expenses and, therefore, retains a significant interest in prosecuting any claim against the insurer. However, the assignor’s ultimate responsibility to pay the provider for services rendered has no bearing on the relinquishment of the assignor’s rights to collect no-fault benefits from the insurer. The assignor’s right to collect insurance proceeds is a separate and distinct obliga *311 tion from the assignor’s responsibility to pay for medical services rendered. Accordingly, in this court’s view, the assignment is valid.