OPINION OF THE COURT
Randy Sue Marber, J.
*406 The defendant Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) moves for an order granting summary judgment and dismissing the plaintiff’s complaint, pursuant to CPLR 3211 and 3212, upon the grounds that there is no coverage with MVAIC as the plaintiffs assignor failed to qualify for MVAIC no-fault benefits pursuant to New York Insurance Law article 52. The plaintiff opposes the motion and the defendant has served a reply.
The plaintiff’s assignor, Isidro Rodriguez, was allegedly involved in a motor vehicle accident on April 5, 2003. The plaintiff commenced this action to recover no-fault benefits for acupuncture services rendered to the plaintiffs assignor for 31 dates between April 30, 2003 and June 27, 2003.
Generally speaking, to obtain summary judgment it is necessary that the movant establish its claim or defense by the tender of evidentiary proof in admissible form sufficient to warrant the court, as a matter of law, in directing judgment in its favor (see, CPLR 3212 [b]). The burden then shifts to the nonmoving party. To defeat the motion for summary judgment, the opposing party must come forward with evidence to demonstrate the existence of a material issue of fact requiring a trial (see, CPLR 3212 [b]; see also, Zuckerman v City of New York, 49 NY2d 557 [1980]).
In the instant motion, the defendant alleges that the plaintiffs assignor is not eligible for MVAIC no-fault benefits because plaintiffs assignor failed to comply with the reporting requirements of Insurance Law article 52, by neglecting to provide (1) a police report, and (2) a notice of intent to make a claim, a prerequisite to MVAIC coverage (see, affidavit of Laura Figueroa). Accordingly, the defendant has made out a prima facie showing of its entitlement to summary judgment as a matter of law.
In opposition, the plaintiff, in an effort to meet its burden of raising a triable issue of fact, asserts that the plaintiff mailed to MVAIC a claim form approximately 70 days after the assignor’s accident, thereby requiring MVAIC to pay or timely deny the bill. The plaintiff claims that MVAIC must issue a denial or request additional information, even if coverage is at issue. The plaintiff applies the standard generally applied in Insurance Law article 51 actions. In a no-fault insurance action, a medical provider must submit evidentiary proof that the appropriate claim forms were mailed, that the forms were received by the insurer and that the payment of no-fault benefits was overdue (see, Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d *407 Dept 2004]; see also, 11 NYCRR 65-3.3 [d]; 65-3.5 [a]). However, here, prior to a review pursuant to article 51, the plaintiff must first comply with article 52.
The purpose of MVAIC is to pay bodily injury damages and no-fault benefits to “qualified” victims of motor vehicle accidents caused by uninsured motorists. In order to recover MVAIC benefits, the injured party must be eligible for MVAIC benefits, which requires that the party not have any other available insurance covering its claim and that the accident is of the nature contemplated by MVAIC. Upon proving that the claimant’s accident was of a type contemplated by MVAIC, the injured party must then be a “qualified person,” defined by MVAIC as someone other than (1) an insured, or (2) the owner of an uninsured motor vehicle and his/her spouse when a passenger in such vehicle.
A qualified person is required to provide MVAIC with notice of the claim. Insurance Law § 5208 (a) (2), “Notice of claim,” states, in relevant part:
“(A) Any qualified person having a cause of action because of death or bodily injury, arising out of a motor vehicle accident occurring within this state and reported within twenty-four hours after the occurrence to a police, peace, or judicial officer in the vicinity or to the commissioner, and who files with the corporation within ninety days of the accrual of the cause of action, as a condition precedent to the right to apply for payment from the corporation, an affidavit stating that: . . .
“(B) The fact that the accident was not reported within twenty-four hours after the occurrence as required by subparagraph (A) hereof shall not prejudice the rights of the person if it is shown that it was not reasonably possible to make such a report or that it was made as soon as was reasonably possible.”
Once a qualified person has complied with the requirements of Insurance Law article 52, then that person will be considered a covered person and will be entitled to the rights that a person under Insurance Law article 51 is entitled to regarding no-fault benefits.
MVAIC is a statutory creation designed to provide no-fault benefits to injured individuals only when there is no other insurance available. In this case, the claimant has not provided *408 the defendant with a copy of the police report regarding this accident, or otherwise provided the defendant with proof that the claimant complied with any of the other reporting requirements pursuant to article 51. Since the claimant has not verified that the alleged accident ever occurred or that it was reported to the police within 24 hours, the claimant is not qualified to receive MVAIC benefits.
This court finds that complying with the “statutory requirement of timely filing a notice of claim must be established in order to demonstrate that the claimant is a ‘covered person,’ within the meaning of the statute, entitled to recover no-fault benefits from the MVAIC” (see A.B. Med. Servs. PLLC v Motor Veh. Acc. Indem. Corp., 10 Misc 3d 145[A], 2006 NY Slip Op 50139[U], *2 [2006]; Insurance Law § 5221 [b] [2]; Ocean Diagnostic Imaging v Motor Veh. Acc. Indem. Corp., 8 Misc 3d 137[A], 2005 NY Slip Op 51271[U] [App Term, 2d & 11th Jud Dists 2005]). Accordingly, MVAIC’s failure to timely deny plaintiff’s claims does not preclude the dismissal of the plaintiffs causes of action based upon lack of coverage (A.B. Med. Servs. PLLC v Motor Veh. Acc. Indem. Corp., 10 Misc 3d 145[A], 2006 NY Slip Op 50139[U]; see, Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199-200 [1997]).
Accordingly, the defendant’s motion for summary judgment is granted and the plaintiffs complaint is dismissed.