*43 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the action as premature due to outstanding requests for verification. The court granted defendant’s cross motion and this appeal by plaintiff ensued.
After receiving the claim, defendant issued a letter to the prescribing physician requesting verification of the medical necessity of the MRI performed at plaintiffs facility and detailing the information sought. On the same day, defendant advised plaintiff by letter that the claim’s determination would be delayed pending receipt of medical necessity verification from the prescribing physician. The initial verification request remained unsatisfied after 30 days, whereupon defendant followed up its request to the prescribing physician and sent plaintiff a copy of the request and a second letter, nearly identical to the first, to the effect that a decision on the claim was being delayed pending medical necessity verification. Plaintiff objects only to defendant’s failure to seek the verification directly from plaintiff as, plaintiff insists, the regulations require. Contrary to plaintiffs contention, the record establishes that the letters sent by defendant sufficed to toll the statutory claim determination period (Insurance Law § 5106 [a]; 11 NYCRR 65-3.2 [c]; 65-3.5 [a], [c]; 65-3.6 [b]).
The insurance regulations require that there be “good reasons” to demand verification (11 NYCRR 65-3.2 [c]), that the demand be directed “as expeditiously as possible” (id.) to the “parties required to complete them” (11 NYCRR 65-3.5 [a]), and that the insurer is entitled to receive the verification “directly from the parties from whom such verification was requested” (11 NYCRR 65-3.5 [c]). We do not construe the reference to “parties” to be limited to an applicant for no-fault benefits. By its terms, 11 NYCRR 65-3.6 (b) requires the insurer to inform the “applicant” of the nature of previously requested and unproduced verification, the identity of “the party from whom it was requested,” and that the request is renewed. The provisions clearly contemplate that an applicant may not be the only appropriate “party” from whom, for example, medical necessity verification may most readily be obtained (e.g. a medical *44 equipment provider who fills a prescription or, as here, an MRI facility acting upon an outside physician’s referral). Where verification is sought from a party other than the applicant, the applicant is entitled to be timely informed of the nature of the verification sought and from whom it is requested when, after an initial verification request remains unsatisfied, a follow-up request is necessary (see 11 NYCRR 65-3.6 [b]). As the claims of providers, such as MRI facilities, are subject to the medical necessity defense (Long Is. Radiology v Allstate Ins. Co., 36 AD3d 763 [2d Dept 2007]) notwithstanding that they may neither be responsible for the medical necessity determination nor, in the case of a nonphysician provider, competent to make such a determination, permitting verification requests of nonapplicants upon proper notification to the applicants furthers the regulatory objective that verification proceed “as expeditiously as possible” and assists applicants to determine the propriety of verification demands, to monitor the insurer’s exercise of the verification procedures and to facilitate the timely production of the verification. Accordingly, because defendant established that the instant verification requests remain unsatisfied, the action is premature and was properly dismissed (Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 19 AD3d 569, 570 [2005]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568, 570 [2004]; Vista Surgical Supplies, Inc. v General Assur. Co., 12 Misc 3d 129[A], 2006 NY Slip Op 51034[U] [App Term, 2d & 11th Jud Dists 2006]).
Rudolph, EJ., Tanenbaum and LaCava, JJ., concur.