[904 NYS2d 641]

CAMBRIDGE MEDICAL, P.C., as Assignee of Jocelyn Yale, Plaintiff,
v PROGRESSIVE CASUALTY INS. CO., Defendant.

Civil Court of the City of New York, Richmond County, March 5, 2010

## APPEARANCES OF COUNSEL

*Short & Billy, P.C.*, New York City, for defendant. *Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth*, Mineola, for plaintiff.

**OPINION OF THE COURT**

KATHERINE A. LEVINE, J.

During oral argument, the parties stipulated that the only issue before the court was whether 11 NYCRR 65-3.6 (b) requires the insurer to notify the injured party when it sends the follow-up verification request to the plaintiff provider. This court has already determined and reiterates herein that the injured party need not be notified. (*See Cambridge Med., P.C. v Nationwide Prop. & Cas. Ins. Co.*, Civ Ct, Richmond County, Feb. 22, 2010, index No. 4561/08.)

Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65-3.8, an insurer is required to either pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim or it will be precluded from offering any defenses at trial. (*Mount Sinai Hosp. v Chubb Group of Ins. Cos.*, 43 AD3d 889, 889-890 [2d Dept 2007]; *see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 278 [1997].) An insurer may toll the 30-day period by properly requesting additional verification within 15 days from the receipt of the no-fault insurance claim forms (NF-3 or claim form). (*Psych. & Massage Therapy Assoc., PLLC v Progressive Cas. Ins. Co.*, 5 Misc 3d 723 [Civ Ct, Queens County 2004]; 11 NYCRR 65-3.5 [b].) If the

> "requested verification[ ] has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested, either by telephone call, properly documented in the file, or by mail. *At the same time the insurer shall inform the applicant and such person's attorney of the reason(s) why the claim is delayed by identifying in writing the missing verification and the party from whom it was requested.*" (11 NYCRR 65-3.6 [b] [emphasis added]; *see Pine Hollow Med., P.C. v Global Liberty Ins. Co. of N.Y.*, 25 Misc 3d 244 [Civ Ct, Richmond County 2009].)

If the insurer does not receive the verification request after its follow-up request is sent, its time to pay or deny the claim is tolled pending submission of the requested information. "A claim need not be paid or denied until all demanded verification is provided." (*New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 570 [2d Dept 2004]; *Westchester County Med.*

*Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 554 [2d Dept 1999].) The insurer must pay or deny the claim within 30 days after it receives verification of all relevant information it requested pursuant to its original request for additional information. (11 NYCRR 65-3.5 [c]; 65-3.8 [a] [1]; *Westchester County Med. Ctr., supra.*)

The clear language of 11 NYCRR 65-3.6 (b) does not even mention the term "applicant" within the context of its requirement that the insurer *follow up with the party from whom the verification was requested.* Rather, the term "applicant" is only utilized within the context of the further obligation of the insurer to inform the applicant and such person's attorney of the reason(s) why the claim is delayed by identifying in writing the missing verification and the party from whom it was requested.

Plaintiff interprets the term "applicant" of 11 NYCRR 65-3.6 (b) to mean that the insurer must inform the assignor and the assignor's attorney of the reasons why the claim is delayed at the same time the defendant requests a follow-up verification from the provider, since the defendant failed to notify the assignor and the assignor's attorney, hence negating its motion for summary judgment. The defendant counters that upon the assignment of no-fault benefits, the medical provider steps into the shoes of its assignor and assumes all of his rights and obligations, thereby becoming the applicant within the meaning of 11 NYCRR 65-3.6 (b). Moreover, defendant argues that the plaintiff provider's attorney's letter directing the defendant to send all correspondence, including payment and verification requests to the provider's attorney's office or to "face unnecessary litigation," placed the defendant on notice that the provider's law firm was acting as the agent for the bills at issue.

In *East Acupuncture, P.C. v Allstate Ins. Co.* (61 AD3d 202 [2d Dept 2009]), the Second Department recognized that the no-fault regulations do not specifically define the term "applicant," which generically refers to both the provider/assignee and injured persons in various no-fault sections. In *Doshi Diagnostic Imaging Servs. v State Farm Ins. Co.* (16 Misc 3d 42 [App Term, 9th & 10th Jud Dists 2007]), the Appellate Term interpreted the term "applicant" as used in 11 NYCRR 65-3.6 (b), to apply to an MRI facility which was the medical services provider/assignee. Accordingly, the plain meaning of 11 NYCRR 65-3.6 (b) refers to any entity, whether an injured person or a provider/assignee, who submits a claim or applies to an insurance

company for no-fault benefits. (*East Acupuncture, P.C.*, 61 AD3d at 210, citing *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998].)

Furthermore, the objective behind the aforementioned law is the efficient and speedy processing of the no-fault claims. It therefore begs all reason to require an insurer to seek verification from a party who has divested his interest in no-fault benefits by assigning his rights to his provider. (*Mia Acupuncture, P.C. v Mercury Ins. Co.*, 26 Misc 3d 39 [App Term, 2d, 11th & 13th Jud Dists 2009] [assignment of no-fault benefits divests eligible injured persons of their interest in no-fault benefits and makes them nonparties to actions commenced by their assignees].) The letter mailed by the plaintiff provider's attorney to the defendant, directing that all correspondence, including payment and verification requests, be mailed to the plaintiff provider's attorney clearly placed the defendant on notice that the provider's law firm was acting as the agent for receipt of all correspondence concerning the bills at issue. (*See Lenox Hill Radiology & MIA P.C. v Global Liberty Ins.*, 20 Misc 3d 434 [Civ Ct, NY County 2008].)

The court therefore deems the provider to be the applicant in the instant matter. Since the plaintiff did not provide the verification sought by the defendant, the 30-day period in which the defendant had to either pay or deny the claim did not begin to run and the instant case is premature. (*Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553 [1999].)

Accordingly, the defendant's motion is granted.