*597 “The failure to comply with the provision of an insurance policy requiring the insured to submit to an examination under oath ... is a material breach of the policy, precluding recovery of the policy proceeds” (Argento v Aetna Cas. & Sur. Co., 184 AD2d 487, 487-488 [1992]; see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [2011]). Here, the plaintiff insurer established as a matter of law that it twice duly demanded an examination under oath from the appellants’ assignor, who had allegedly been injured in a motor vehicle accident, that the assignor twice failed to appear, and that the plaintiff issued a timely denial of the claims arising from the appellants’ treatment of the assignor. Based upon the foregoing, the plaintiff established its prima facie entitlement to judgment as a matter of law. In opposition, the appellants failed to raise a triable issue of fact as to either the propriety of the demand for the examination under oath or whether the assignor actually appeared at the examination.
Moreover, the appellants failed to establish that summary judgment was premature in light of outstanding discovery. “A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or [that] the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant” (Cajas-Romero v Ward, 106 AD3d 850, 852 [2013]; see CFLR 3212 [f]). Here, in support of their contention that the plaintiffs motion was premature, the appellants did not establish what information they hoped to discover that would demonstrate the existence of a triable issue of fact. Eng, P.J., Dillon, Dickerson and Sgroi, JJ., concur.