OPINION OF THE COURT
Katherine A. Levine, J.
*1050 Defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) moves to dismiss the claim brought by plaintiff MB Advanced Equipment, Inc., a medical services company, based upon the assignor Dan Miller St. Hilaire’s ineligibility for MVAIC benefits under article 52 of the Insurance Law for failure to meet the requirements of a “qualified person.”
At trial, MVAIC’s claims representative testified that MVAIC only opens a file upon receipt of a bill from a medical provider, and that upon receipt of the bill MVAIC sends out a letter to the provider setting forth the qualifying documents necessary to establish a claim. MVAIC’s claims representative further testified that in the normal course of business MVAIC does not send these letters directly to either the applicant[1] or his attorney. Here, MVAIC informed MB Advanced by two letters that its assignor, St. Hilaire, was not yet a “covered person” under article 52 of the Insurance Law since he was not a “qualified person” as a number of items were outstanding, including the “Notice of Intention to Make a Claim” form (claim form). After receiving the first letter, plaintiff responded by providing some of the information requested but advised MVAIC that it was not in possession of the claim form, and that any other requested documentation should be sought directly from St. Hilaire or his attorney. After receiving this letter, MVAIC sent a second request for the same outstanding information. Upon failing to receive the information, MVAIC denied the claim.
The claims representative from MVAIC further testified that the applicant — the “guy who was injured” — is supposed to send in the claim form 90 days after the subject accident if the claim involves an unknown vehicle, and if the claim involves a known vehicle, 108 days after the date of denial by the insurance carrier.[2] In response to the court’s query as to how the applicant is supposed to know to contact MVAIC to file a claim, the representative responded that the “providers usually let the applicants know that.” The claims representative had no explana *1051 tion as to why she did not send the qualifying letters to the applicant as well as to the medical provider. Although a claim was actually opened in the instant matter after MVAIC received a denial letter from the insurance carrier, MVAIC ultimately denied the claim because it never received the Notice of Intention to Make a Claim form. MVAIC’s denial letter was sent to Mr. St. Hilaire.
The parties stipulated that the only issue at trial was whether MVAIC had to request the claim form directly from the assignor or whether it was sufficient to make this request solely of the assignee medical provider. While MVAIC claimed that it had met its obligation by notifying plaintiff of the outstanding claim form, plaintiff contended that pursuant to the no-fault regulations, follow-up verification requests must be sent to both the applicant and his or her attorney.
MVAIC was created to “provide no-fault benefits for qualified persons for basic economic loss arising out of the use and operation in this state of an uninsured motor vehicle.” (Insurance Law § 5201.) It was intended to afford injured parties the same protections that exist when a tortfeasor involved in a motor vehicle accident had been covered by insurance. (Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 227-228 [2d Dept 2011]; see Morisi v Motor Veh. Acc. Indem. Corp., 19 AD2d 727 [2d Dept 1963].) The statutory provisions creating and regulating MVAIC should be liberally construed to serve those ends. (Englington at 228; see Matter of Dixon v Motor Veh. Acc. Indem. Corp., 56 AD2d 650, 651 [2d Dept 1977].)
MVAIC must pay first-party no-fault benefits to a “qualified person” for basic economic loss arising out of the use or operation in this state of an uninsured motor vehicle. Pursuant to Insurance Law § 5221 (b) (2) “only ‘qualified person[s]’ are entitled to MVAIC no-fault coverage.” (Englington at 228; see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 221 [1996].) In order for someone who has allegedly been injured (the assignor) to be a “covered person” under Insurance Law § 5221 (b) (2), and hence be eligible for no-fault benefits, the person must be a “qualified person” as that term is defined under Insurance Law § 5202 (b) and must have complied with all of the requirements contained in Insurance Law § 5208. (First Help Acupuncture, P.C. v MVAIC, 36 Misc 3d 148[A], 2012 NY Slip Op 51643[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see Olmecs Med. Supplies, Inc. v MVAIC, 38 Misc 3d 140[A], 2013 NY Slip Op 50218[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013].)
*1052 The requirements of Insurance Law § 5208 (a) (2) (B) include the submission of a timely sworn notice of intention to make a claim to MVAIC (Olmecs Med. Supplies) and the filing of an accident report within 24 hours of the occurrence unless it was “not reasonably possible to make such a report or that it was made as soon as was reasonably possible.” (Howard M. Rombon, Ph.D., P.C. v MVAIC, 21 Misc 3d 131 [A], 2008 NY Slip Op 52128 [U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 511 [2d Dept 1983]; see also Akita Med. Acupuncture, P.C. v Motor Veh. Acc. Indem. Corp., 14 Misc 3d 405, 408 [Nassau Dist Ct 2006] [failure of claimant to verify that the alleged accident ever occurred or that it was reported to the police within 24 hours disqualifies claimant from receiving MVAIC benefits].)
When either of these requirements has not been met, the plaintiff’s assignor is not a qualified person and thus, not a covered person. (See AP Orthopedic & Rehabilitation, P.C. v MVAIC, 32 Misc 3d 133[A], 2011 NY Slip Op 51448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; RAZ Acupuncture, P.C. v MVAIC, 25 Misc 3d 138[A], 2009 NY Slip Op 52362 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Five Boro Psychological Servs., P.C. v MVAIC, 27 Misc 3d 131 [A], 2010 NY Slip Op 50647[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Insurance Law § 5221 [b] [2]; Howard M. Rombon, Ph.D., P.C. v MVAIC.) In fact, in Olmecs Med. Supplies, the Appellate Term held that a plaintiff medical provider does not even make out its prima facie case where it fails to prove that a timely sworn notice of intention to make a claim was tendered to MVAIC, as this document is necessary for plaintiff to demonstrate that its assignor was eligible to recover no-fault benefits from MVAIC. The filing of a timely notice of claim is a condition precedent to coverage and, thus, a burden that ultimately rests with the plaintiff medical services provider as the representative and assignee of the injured party’s no-fault benefits. (Id.; see also Canon Chiropractic P.C. v MVAIC, 41 Misc 3d 1237[A], 2013 NY Slip Op 52044[U] [Civ Ct, Kings County 2013].)
Here, plaintiff failed to make out its prima facie case since the record is clear that the assignor never submitted the original notarized Notice of Intention to Make a Claim to MVAIC. Under the no-fault scheme, the assignor must file a notice of claim with MVAIC upon receiving a disclaimer of coverage from any other involved insurance company. It is the assignor, *1053 not a subsequent medical services entity, that is initially notified of an insurance company’s disclaimer. Thus, the assignor is not a qualified person and is not a covered person under the No-Fault Law. Even assuming that the recent Olmecs Med. Supplies case does not require the plaintiff to prove that the assignor is a qualified person on its prima facie case, it is clear that once the defendant establishes that the assignor has not submitted the requisite forms to qualify, the burden switches to the plaintiff medical provider to present evidence “that it had availed itself of the opportunity” to present the evidence. (Cf. Jamaica Med. Supply, Inc. v NY City Tr. Auth., 36 Misc 3d 150[A], 2012 NY Slip Op 51660[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012].) Here, plaintiff offered no evidence that it even contacted the assignor to inform him of his obligation to provide such evidence to MVAIC.
Plaintiff seeks to avoid the ramifications of non-coverage by placing the blame for the assignor’s noncompliance with Insurance Law § 5208 upon defendant since MVAIC mailed the qualifying letters solely to the assignee medical provider. However, as an assignee, plaintiff assumed all the responsibilities of its assignor, especially after it had repeatedly been notified by MVAIC that its assignor still had not met the requirements of a qualified person. (See Canon Chiropractic.) The assignment of no-fault benefits divests eligible injured persons of their interest in no-fault benefits and makes them nonparties to actions commenced by their assignees. (Doshi Diagnostic Imaging Servs. v State Farm Ins. Co., 16 Misc 3d 42 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; see Cambridge Med., P.C. v Progressive Cas. Ins. Co., 29 Misc 3d 186 [Civ Ct, Richmond County 2010].) An assignee stands in the shoes of an assignor and thus acquires no greater rights than those of its assignor. (New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592 [2011]; East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 211 [2d Dept 2009]; Family Care Acupuncture, P.C. v Motor Veh. Acc. Indem. Corp., 28 Misc 3d 1220[A], 2010 NY Slip Op 51414[U], *3 [Civ Ct, NY County 2010] [“Because plaintiff’s assignor . . . never qualified for benefits from MVAIC, his assignee, plaintiff, who stands in his shoes, is not entitled to benefits from defendant either”].)
In fact, in the unique realm of No-Fault Law, the assignment of benefits takes on an extraordinary meaning. Rather than there being simple privity between the assignor (eligible injured person) and the assignee (medical provider), there is “a *1054 virtual identity of interests by the very existence of the claim.” (Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 67, 73 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010].) The assignment demonstrates a complete assignment of rights and interests by the assignor to the provider. (See Craniofacial Pain Mgt. v New York Cent. Mut. Fire Ins. Co., 186 Misc 2d 309, 311 [Civ Ct, Queens County 2000] [“(T)he assignee of a claim is the real party in interest and he alone can bring suit”].)
Plaintiffs reliance on 11 NYCRR 65-3.5 (a) is also misplaced. The subject letters and requests for documentation and forms are not verification requests, and 11 NYCRR 65-3.6 (b) is applicable only to verification requests issued in no-fault cases. (See Canon Chiropractic P.C. v MVAIC; Exclusive Med. Supply, Inc. v MVAIC, 35 Misc 3d 1209[A], 2012 NY Slip Op 50616[U], *7-8 [Civ Ct, Kings County 2012] [“MVAIC appears to claim that its qualification letter should be deemed a verification request. However, a perusal of the qualification letter above allows this court to easily dispose of this claim . . . The qualification letter does not seek to verify the validity or content of the claim as required by statute, regulation and case authority, but to determine if the applicant is qualified for MVAIC benefits”].)
Therefore, as plaintiff had stepped into the shoes of the assignor, plaintiff was obliged not only to correctly transmit the outstanding documentation and information, but to ensure that the assignor complied with his obligation to become a qualified person and hence a covered person entitled to recover no-fault benefits from MVAIC. (Olmecs Med. Supplies, Inc.; New Millennium Med. Imaging, P.C. v M.V.A.I.C., 46 Misc 3d 1222[A], 2015 NY Slip Op 50233[U], *4 [Civ Ct, Kings County 2015]; Canon Chiropractic P.C. v MVAIC; Akita Med. Acupuncture, P.C. v Motor Veh. Acc. Indem. Corp., 15 Misc 3d 1128[A], 2007 NY Slip Op 50898[U] [Nassau Dist Ct 2007].)
In light of the foregoing, plaintiffs complaint is dismissed.

. As set forth in many of this court’s decisions, the applicant in the no-fault context is the same as the assignor.

. MVAIC is a statutory creation designed to provide no-fault benefits to injured individuals only when there is no other insurance available. (Akita Med. Acupuncture, P.C. v Motor Veh. Acc. Indent. Corp., 14 Misc 3d 405, 407 [Nassau Dist Ct 2006].) Pursuant to article 52, MVAIC becomes the insurer after the applicant has established that he was not an insured under any other motor vehicle insurance policy, and hence is a “qualified person” for the purpose of seeking no-fault benefits under article 52 of the Insurance Law. (Matter of Osorio v Motor Veh. Acc. Indent. Corp., 112 AD3d 831, 832 [2d Dept 2013].)