NY Wellness Med., P.C. v Nationwide Mut. Ins. Co. (2022 NY Slip Op
50359(U))

[*1]

NY Wellness Med., P.C. v Nationwide Mut. Ins. Co.

2022 NY Slip Op 50359(U) [75 Misc 3d 126(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-479 S C

NY Wellness Medical, P.C., as Assignee of
Carl Grant, Respondent, 
against
Nationwide Mutual Insurance Company, Appellant.

Hollander Legal Group , P.C. (Allan S. Hollander and Brian Kaufman of counsel), for appellant.
Law Offices of Gabriel & Moroff, P.C. (Jason Moroff and Koenig Pierre of counsel), for
respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated June 7, 2021. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff failed to appear for
duly scheduled examinations under oath (EUOs). In an order dated June 7, 2021, the District
Court denied the motion, but implicitly found, in effect pursuant to CPLR 3212 (g), that
defendant had established the timely and proper mailing of the EUO scheduling letters and the
denial of claim form, as well as plaintiff's failure to appear for the EUOs. The Civil Court further
found that the only remaining issue for trial was the reasonableness of defendant's EUO
requests.
To establish its prima facie entitlement to summary judgment dismissing a complaint on
[*2]the ground that a provider failed to appear for an EUO, an
insurer must demonstrate, as a matter of law, that it twice duly demanded an EUO from the
provider, that the provider twice failed to appear, and that the insurer issued a timely denial of the
claims (see Interboro Ins. Co. v
Clennon, 113 AD3d 596, 597 [2014])—all elements that the Civil Court found to
have been established pursuant to CPLR 3212 (g). 
Plaintiff does not argue that defendant did not demonstrate its prima facie case. Rather,
plaintiff argues that the grounds for defendant's EUO requests were not based on objective
reasons. However, contrary to plaintiff's contention, defendant was not required to set forth
objective reasons for requesting EUOs in order to establish its prima facie entitlement to
summary judgment (see Interboro Ins.
Co. v Clennon, 113 AD3d 596 [2d Dept 2014]; 21st Century Pharm., Inc. v Ameriprise Ins. Co., 65 Misc 3d
134[A], 2019 NY Slip Op 51629[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; Parisien v Metlife Auto &
Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]; cf. Kemper
Independence Ins. Co. v AB Med. Supply, Inc., 187 AD3d 671 [1st Dept 2020]; American Tr. Ins. Co. v Jaga Med. Servs.,
P.C., 128 AD3d 441 [1st Dept 2015]). As plaintiff failed to raise a triable issue of fact,
defendant is entitled to summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022