MUA Chiropractic Healthcare, PLLC v Nationwide Mut. Ins. Co. (2022 NY
Slip Op 51384(U))

[*1]

MUA Chiropractic Healthcare, PLLC v Nationwide Mut. Ins.
Co.

2022 NY Slip Op 51384(U) [77 Misc 3d 140(A)]

Decided on December 29, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 29, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2022-149 S C

MUA Chiropractic Healthcare,
PLLC, as Assignee of Renata Wiszowata, Respondent,
against
Nationwide Mutual Insurance Company, Appellant.

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Law Office of Gabriel & Moroff, LLC (Matthew Sledzinski and Koenig Pierre of
counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C.
Stephen Hackeling, J.), dated July 12, 2021. The order, insofar as appealed from and as
limited by the brief, denied defendant's motion for summary judgment dismissing the
complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant moved for summary judgment dismissing the complaint on the ground that
plaintiff failed to appear for duly scheduled examinations under oath (EUOs). In an order
dated July 12, 2021, the District Court denied the motion, but implicitly found, in effect
pursuant to CPLR 3212 (g), that defendant had established the timely and proper mailing
of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure
to appear for the EUOs. The District Court further found that the only remaining issue
for trial was the reasonableness of defendant's EUO requests.
To establish its prima facie entitlement to summary judgment dismissing a complaint
on the ground that a provider failed to appear for an EUO, an insurer must demonstrate,
as a matter of law, that it twice duly demanded an EUO from the provider, that the
provider twice failed to [*2]appear, and that the insurer
issued timely denials of the claims (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597
[2014])—all elements that the District Court found to have been established
(see CPLR 3212 [g]).
Plaintiff does not argue that defendant did not demonstrate its prima facie
entitlement to summary judgment. Rather, plaintiff argues that defendant did not have an
objective basis for requesting the EUOs. However, contrary to plaintiff's contention,
defendant was not required to set forth objective reasons for requesting EUOs in order to
establish its prima facie entitlement to summary judgment (see Interboro Ins. Co. v
Clennon, 113 AD3d 596 [2d Dept 2014]; NY Wellness Med., P.C. v Nationwide Mut. Ins. Co., 75 Misc
3d 126[A], 2022 NY Slip Op 50359[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2022]; cf. Kemper
Independence Ins. Co. v AB Med. Supply, Inc., 187 AD3d 671 [1st Dept 2020];
American Tr. Ins. Co. v Jaga
Med. Servs., P.C., 128 AD3d 441 [1st Dept 2015]). As plaintiff failed to raise a
triable issue of fact, defendant's motion should have been granted.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion
for summary judgment dismissing the complaint is granted.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 29, 2022