Flatbush Acupuncture P.C. v Repwest Ins. Co. (2025 NY Slip Op 25032)

[*1]

Flatbush Acupuncture P.C. v Repwest Ins. Co.

2025 NY Slip Op 25032

Decided on February 13, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 13, 2025
Civil Court of the City of New York, Queens County

Flatbush Acupuncture P.C. As Assignee of JOSE DAVID TORRES, Plaintiff,

against
Repwest Insurance Company, Defendant.

Index No. CV-713091-21

Plaintiff
Law Offices of Gabriel & Moroff, P.C.
2 Lincoln Avenue, Suite 302, Rockville Centre, NY 11570
Phone: (516) 388-7040
Defendant 
HUSCH BLACKWELL LLP
118-35 QUEENS BLVD. SUITE 400, Forest Hills, NY 11375
Phone: (202) 378-2345

Mark Kagan, J.

The defendant Repwest Insurance Company has moved pursuant to CPLR §3212 seeking summary judgement dismissing the action. The plaintiff has cross-moved seeking summary judgement. The motions have been opposed respectively. The court has reviewed all the papers submitted and now renders the following determination.
The assignor, Jose David Torres was involved in a motor vehicle accident on November 20, 2019 and sustained injuries. The plaintiff assignee performed medical services on his behalf and seeks $1,689.70 in payment for those services. The defendant, the insurer of the assignor, refused the payment on the grounds the assignor failed to appear for two scheduled examinations under oath [EUO]. The plaintiff commenced this action seeking payment. The defendant duly answered. The defendant has now moved seeking summary judgement dismissing the action arguing the assignor failed to appear for examinations under oath which is a condition precedent for payment. The plaintiff opposes the motion arguing there was no legitimate basis seeking any examination prior to payment and therefore summary judgement should be granted in plaintiff's [*2]favor.
Conclusions of Law
Concerning first party no-fault benefits, an insurer may move seeking summary judgement dismissing the action on the grounds the assignor failed to attend a timely-scheduled independent medical examination (Vega Chiropractic P.C. v. Clarendon National Insurance Company, 25 Misc 3d 144(A), 906 NYS2d 776 [Supreme Court Appellate Term Second Department 2009]). For a medical provider to obtain summary judgement there must be evidentiary proof that claims were mailed and received and that payment is overdue (Mary Immaculate Hospital v. Allstate Insurance Company, 5 AD3d 742, 774 NYS2d 564 [2d Dept., 2004]). 
The No-Fault regulations permit an insurer to demand "all items necessary to verify the claim directly from the parties from whom such verification is requested" (11 NYCRR §65-3.5(c)). Indeed, there are no limits to the information an insurer may request other than the limitation found in 11 NYCRR §65-3.2(c). That regulation states that an insurer should not demand verification of facts "unless there are good reasons to do so" (id). There are no specific No-Fault regulations that provide any mechanism for a medical provider to contest the verification sought on the grounds it is improper or unnecessary (Burke 2 Physical Therapy P.C. v. State Farm Mutual Automobile Insurance Company, 71 Misc 3d 1229(A), 146 NYS3d 468 [Civil Court Kings County 2021]). Nevertheless, courts have suggested that a provider can specifically respond and object to the information sought (Victory Medical Diagnostics P.C. v. Nationwide Property and Casualty Insurance Company, 36 Misc 3d 568, 949 NYS2d 855 [District Court Nassau County 2012]). 
In this case the insurer received bills for payment for services rendered from December 3, 2019 through December 10, 2019. Without paying or denying the bills the insurer sent a letter to the assignor informing him that "additional information is required in order to properly evaluate this claim" and that the assignor would have to submit to an examination under oath (see, Letter dated January 9, 2020 [NYSCEF Doc. No. 6 page 88]). The assignor failed to appear for the examination and a follow up letter was sent dated February 11, 2020 scheduling the examination under oath for February 25, 2020. The assignor failed to appear and never objected to the examinations on the grounds the insurer never provided a basis for such examinations. The claims were subsequently denied and this action was commenced. In seeking summary judgement the insurer argues the assignor failed to appear for the examination under oath and consequently failed to satisfy a necessary condition precedent obligating the insurance company to pay the claim. In opposition, the medical provider argues the insurer failed to present any reasonable basis requiring an examination under oath and therefore, the insurer failed to comply with the No-Fault regulations and the insurer's summary judgement motion must be denied and summary judgement should be granted in favor of the medical provider.
Concerning 11 NYCRR §65-3.2(c) and the limits imposed upon insurers seeking verification only when there are good reasons to do so, there is some disagreement which party bears the initial burden. In State Farm Mutual Auto Insurance Company v. East Coast Medical Care P.C., 2023 WL 2711659 [Supreme Court New York County 2023] the court explained that once an insurer demonstrates the verification demands were reasonable then the burden shifts to the provider to explain why the demands were not reasonable. However, in Ameriprise Insurance Company v. Pugsley Medical Care P.C., 2016 WL 9176586 [Supreme Court New York County 2016] the court held the burden for reasonableness is on the provider not the [*3]insurer.
In any event, it is clear the information sought must have some rational relationship to the specific claims. Therefore, certain requests for verification are obvious, no explanation is required and are per se reasonable. For example, "requests for medical records for the treatment in question, letters of medical necessity for the testing or treatment, copies of x-ray or MRI films or test results" (Garden State Anesthesia Associates PA v. Progressive Casualty Insurance Company, 41 Misc 3d 996, 971 NYS2d 858 [District Court Nassau County 2013]). Likewise, a request to establish medical necessity is reasonable pursuant to 11 NYCRR §65-3.2(c) (Lenox Hill Radiology v. Global Liberty Insurance, 20 Misc 3d 434, 858 NYS2d 587 [Civil Court New York County 2008]). 
Turning to the other extreme, some requests are so unreasonable they violate 11 NYCRR §65-3.2(c). In Omega Diagnostic Imaging P.C. v. MVAIC, 29 Misc 3d 129(A), 958 NYS2d 309 [Supreme Court Appellate Term First Department 2010]) the court held a verification request sent to the medical provider and the assignor seeking an affidavit of no-insurance from the out-of-state driver that struck the assignor was without any good reason. The court explained that out-of-state driver was not a party to the first party benefits action and was not under the control of the provider or the assignor. Again, in Pro-Align Chiropractic P.C. v. Travelers Property Casualty Insurance Company, 58 Misc 3d 857, 67 NYS3d 439 [District Court Suffolk County 2017]) the court held the insurer's requests were not reasonable and were burdensome.
Turning to the specific question whether an insurer must furnish an objective and specific basis why an examination under oath has been requested, it appears to be a split among the Departments of the Appellate Division.
The First Department holds that "the reason for the EUO request is a fact essential to justify opposition to plaintiff's summary judgment motion" (American Transit Insurance Company v. Jaga Medical Services P.C., 128 AD3d 441, 6 NYS3d 480 [1st Dept., 2015]). Further, in Country-Wide Insurance Company v. Delacruz, 205 AD3d 473, 168 NYS3d 68 [1st Dept., 2022] the First Department noted that an insurer seeking summary judgement must provide a "specific objective justification" requesting the examination under oath. The court held the reason why an examination was requested was essential to afford the provider an opportunity to oppose the motion seeking to dismiss the action for the failure of the assignor to appear for the examination. Without such reason the motion could not be adequately opposed necessitating its denial on the grounds the motion was premature (see, also, State Farm Mutual Auto Insurance Company v. Quality Orthopedic and Complete Joint Care P.C., 2023 WL 6206098 [Supreme Court New York County 2023] and State Farm Mutual Auto Insurance Company v. Access Medical Diagnostic Solutions P.C., 2023 WL 2572920 [Supreme Court New York County 2023] 
The Second Department on the other hand has held the reason why an examination is requested does not play any role whether the request is proper. In Interboro Insurance Company v. Clennon, 113 AD3d 596, 979 NYS2d 83 [2d Dept., 2014]) the court granted summary judgement to an insurer where the assignor failed to attend an examination under oath. Notably, the court held that assignor and the provider failed to raise any issues of fact as to the "propriety of the demand for the examination under oath" (id, see, IDS Property Casualty Insurance Company v. Starcar Medical Services P.C., 116 AD3d 1005, 985 NYS2d 116 [2d Dept., 2004]). Recently, in Northern Medical Care P.C. v. Nationwide Affinity Insurance Company of America, 84 Misc 3d 136(A), 2024 WL 5347270 [Supreme Court Appellate Term Second [*4]Department 2024] the court, citing Interboro (supra) explained that the "defendant was not required to set forth objective reasons for requesting EUOs as, to make a prima facie showing of entitlement to summary judgment based on a failure to appear for an EUO, an insurer need only demonstrate as a matter of law that it duly scheduled at least two EUOs; that the party failed to appear as requested; and that the insurer timely issued a denial of the claim or claims on that ground 'following the [ ] failure to appear at the last scheduled EUO'" (id).
The discrepancy between the departments was presaged in the trial court opinion Country-Wide Insurance Company v. Delacruz, 71 Misc 3d 247, 142 NYS3d 313, footnote 5 [Supreme Court New York County 2021] and in MUA Chiropractic Healthcare PLLC v. Nationwide Mutual Insurance Company, 77 Misc 3d 140(A), 182 NYS3d 488 [Supreme Court Appellate Term Second Department 2022].
Moreover, the approach of the Second Department, which binds this court, does not conflict with 11 NYCRR §65-3.5(e). 11 NYCRR §65-3.5(e) states that "when an insurer requires an examination under oath of an applicant to establish proof of claim, such requirement must be based upon the application of objective standards so that there is specific objective justification supporting the use of such examination" (id). However, that does not mean a reasonable basis must be provided. Indeed, the very next sentence of the regulation provides that "insurer standards shall be available for review by department examiners" (id). Two counsel opinions issued by the Department of Financial Services (formerly the Department of Insurance) are illuminating. In the first, the opinion states that "the Department also added the provision in Section 65-3.5(e) to ensure that insurers would not request EUO's on either a routine or arbitrary basis, but would only do so when reasonably warranted, based upon the application of specific facts to objective standards established by the insurer in order to provide a reasonable basis for the request" (Ops Gen Counsel NY Ins Dept No. 02-10-14 [October 2002]). The opinion continued that the Department itself could "perform market conduct examinations of insurers and to evaluate the practices of insurers in requiring EUOs. The regulation contains no requirement for insurers to provide those standards for review by a claimant or claimant's attorney when an EUO has been requested" (id). Again, in a subsequent opinion, it was held that "with respect to whether an insurer must include language stating the reason(s) for requiring the EUO, the regulation contains no such requirement" (Ops Gen Counsel NY Ins Dept No. 06-12-16 [December 2006]). Therefore, only the Department of Financial Services can monitor the "specific objective justification" of 11 NYCRR §65-3.5(e), not medical providers seeking reimbursement for claims (see, Bronx Chiropractic Care P.C. v. State Farm Insurance, 63 Misc 3d 132(A), 114 NYS3d 175 [Supreme Court Appellate Term Second Department 2019]). Lastly, there is little merit to the argument that once a request for justification has been made by a medical provider then the above opinions of the Department of Financial Services are no longer relevant and an explanation must be afforded to the provider (cf., Kemper Independence Insurance Company v. Accurate Monitoring LLC, 73 Misc 3d 585, 156 NYS3d 677 [Supreme Court New York County 2021]). As noted, only department examiners are tasked with insuring compliance with the specific rule the insurer must maintain a justification for serving an EUO. That task cannot somehow be abrogated merely because a medical provider requests the justification as well. To the extent those arguments have been accepted (see, e.g., Country-Wide Insurance Company v. Henderson, 77 Misc 3d 1218(A), 178 NYS3d 922 [Supreme Court New York County 2022]) they merely serve to highlight the split in authority as noted above.
Therefore, based on the foregoing, the plaintiff has failed to present any question of fact [*5]why they failed to attend the EUO. Consequently, defendant's motion seeking summary judgement dismissing the action is granted. The plaintiff's motion seeking summary judgement is therefore denied. 
Dated: February 13, 2025
Hon. Mark Kagan, JCC